ALBERT DATZ *vs.* NORTON N. KELLER & others. February 28, 1964. Interlocutory and final decrees affirmed. The plaintiff appeals from an interlocutory decree sustaining defendants' demurrer to his amended substitute bill of complaint and from a final decree dismissing his bill. The minority stockholder's bill seeks a declaratory judgment under G. L. c. 231A. The allegations in part are that the defendants Keller, the officers and directors of the corporation, have conspired to conduct the corporate affairs for their own benefit, have misappropriated corporate funds, have paid themselves excessive fees for services rendered, have refused to call annual stockholders' meetings, and have denied the plaintiff permission to examine the corporate documents stipulated by G. L. c. 155, § 22. Ordinarily there is a condition precedent to the maintenance of a minority stockholder's bill: separate demands must be made upon the directors and the stockholders that they vote to have the corporation sue to redress wrongs done to it. However, allegations of fact that both a majority of the directors and the holders of a majority stock interest are in the group of wrongdoers, or under their control, will excuse a plaintiff from making applications which would be futile. See *Bartlett* v. *New York, N. H. & H. R.R.* 221 Mass. 530, 532–539; *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, 113–115. The plaintiff's bill contains no allegations as to the ownership of the corporate stock, and therefore no excuse for his failure to make a demand upon the stockholders appears. Moreover the complaint is replete with vague, inadequate allegations, unsubstantiated conclusions, and surplusage. See G. L. c. 214, § 12. The personal cause of action grounded in the plaintiff's right to inspect certain corporate documents under G. L. c. 155, § 22, is not appropriately brought in this suit under G. L. c. 231A.

*Israel Bernstein* for the plaintiff.

*Jerome Preston, Jr.*, for the defendants.