Charles **HEIT**

v.

Gordon S. **BROWN** et al.

David M. **PALLEY**

v.

Gordon S. **BROWN** et al.

Civ. A. Nos. 66–382, 67–265.

United States District Court
D. Massachusetts.

April 18, 1967.

———◆———

Morris R. Spelfogel, Boston, Mass., Bennett Frankel, New York City, of counsel, for plaintiff Heit, Harold Brown, Brown & Leighton, Boston, Mass., for plaintiff Palley.

Harold M. Willcox, Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., for defendants Brown, Ferguson, Schultz, Thiess, and Medgorian.

William G. Perrin, Taylor, Ganson & Perrin, Boston, Mass., for defendant Taylor.

John J. Curtin, Jr., Sumner Babcock, and Wilmot Hastings, Bingham, Dana & Gould, Boston, Mass., for Baird.

Henry A. Malkasian, Boston, Mass., for defendant Baird-Atomic.

## OPINION

WYZANSKI, Chief Judge.

These two companion cases are derivative actions brought by Palley and Heit, two stockholders of Baird-Atomic, Inc., a Massachusetts corporation. The claim is that defendant Baird, who is president and one of the directors of the corporation, appropriated to himself and for his profit a corporate opportunity to purchase real estate and then leased the property to the corporation.

Neither plaintiff alleges that he has made demand upon other stockholders for authority to bring his action.

Heit alleges no excuse for not making a demand.

Palley alleges in paragraph 15 of his complaint:

"No demand to institute this action has been made upon the stockholders of the Corporation because such demand would be futile. The defendant Baird owns 37,900 shares of the common stock of the Corporation and dominates both the officers, the board of directors, and the stockholders of the Corporation. By notice dated February 8, 1967, and signed by the defendant, Varnum Taylor, as Clerk of the Corporation, the Board of Directors called a meeting of the stockholders, in lieu of the annual meeting, to be held on February 28, 1967, in which the Board of Directors sought the proxy of all those unable to attend. Said meeting was held on February 28, 1967, and the 'net' lease hereinabove described was approved by the stockholders, the proxies being voted by the Directors in favor of such ratification. The domination of the stockholders by the defendant officers and directors, so demonstrated by their use of their official status to obtain such proxies and to vote them in favor of ratifying the 'net' lease, shows that demand upon the stockholders would be futile."

Defendants moved to dismiss each complaint for failure to state a claim. Attached to the motion in the Palley case is the full text of the February 8, 1967 notice referred to in the complaint. Nine paragraphs, covering more than two pages, concern the transaction of which plaintiff Palley complains. Included are statements as to Baird's interest in the transaction, his request that the stockholders be permitted to vote upon a ratification of the lease which is under attack, the directors' view of the facts with respect to the lease, and a reference to Heit's derivative stockholder's suit in this Court. The notice makes it clear that each stockholder has freedom to vote as he wishes when the question of ratification arises at the February 28 meeting, and that proxies given to the management will be voted for the proposal unless stockholders specify otherwise.

The notice also shows that there are 831,932 outstanding shares of stock in defendant corporation. Thus Baird's 37,900 shares amount to about 4.5% of the total.

With respect to Heit's case, there can be little doubt that the motion must be granted.

Massachusetts state law determines whether Heit's complaint states a cause of action. Pomerantz v. Clark, 101 F.Supp. 341, 343 (D.Mass.). Massachusetts law ordinarily requires a demand upon stockholders for authorization to institute such a derivative action as this. S. Solomont & Sons Trust, Inc. v. New England Theatres Operating Corp., 326 Mass. 99, 93 N.E.2d 241, Datz v. Keller, 347 Mass. 766, 196 N.E.2d 922. The rule applies even to claims based on alleged misconduct of directors and officers to their own profit. *Ibid.* And it applies regardless of whether the alleged wrong has been, as in *Solomont*, or has not been, as in *Datz*, laid before the shareholders and voted upon by them. The only excuses for failing to make a demand on stockholders are that (1) the

holders of a majority stock interest are in the group of wrongdoers, or under their control, Datz v. Keller, supra, or (2) it is necessary that action should be taken too speedily to leave time for a corporate meeting of stockholders. Dunphy v. Traveller Newspaper Association, 146 Mass. 495, 16 N.E. 426.

■ Heit does not plead that either of the excuses applies to him. Hence his complaint fails to state a valid cause of action.

■ Nor does Palley's complaint stand better after it has been carefully analyzed. Palley alleges that "The domination of the stockholders by the defendant officers and directors, so demonstrated by their use of their official status to obtain such proxies [that is, those referred to in the notice of February 8, 1967] and to vote them in favor of ratifying the 'net' lease, shows that demand upon the stockholders would be futile." The allegation on its face does not assert that the claimed wrongdoers control the stockholders, or even have a general domination over them. What is alleged is that the claimed wrongdoers have used their official status to obtain and to vote proxies and have "so demonstrated" their domination.

From counsel's arguments this Court assumes that this narrowing of the allegation was deliberate, that Palley has no evidence or expectation of evidence of any other type of control of stockholders by the claimed wrongdoers, and that the parties seek a ruling from this Court on the agreed fact that Baird and other alleged wrongdoers used their corporate offices to prepare and distribute the February 8, 1967 proxy notice, and to vote proxies sent by stockholders in response to that notice.

Upon that assumption (and subject, of course, to any motion indicating that this Court has erred in making such assumption) this Court rules that Palley has not stated a valid cause of action. No doubt, the claimed wrongdoers did use their offices to distribute information to stockholders and to seek their votes. But each stockholder remained free to vote as he pleased. The proxy statement told each stockholder he could submit a proxy directing the proxy holder to vote either affirmatively or negatively. Nor is there any suggestion that in any respect the proxy statement was false or misleading, or that Palley sought to, but was denied the opportunity to, communicate to stockholders a version of the facts different from those set forth in the proxy notice. Under these circumstances, the stockholders were not subject to the sort of control which the Massachusetts state court has recognized as creating an exception to the rule that a derivative suit by a stockholder does not lie unless he has first made demand upon his fellow stockholders.

Motions to dismiss granted.