NOAH GREENSPUN, Respondent, v. ALLEN L. LINDLEY et al., Appellants, et al., Defendants.

First Department, February 28, 1974.

*William F. Koegel* of counsel (*Paul M. Hopkins* with him on the brief; *Rogers & Wells*, attorneys), for Allen L. Lindley and others, appellants.

*George S. Leisure, Jr.,* of counsel (*Mahlon F. Perkins, Jr.,* and *Allan R. Freedman* with him on the brief; *Donovan Leisure Newton & Irvine*, attorneys), for H. Donald Harvey, Jr., and others, appellants.

*Irving Bizar* of counsel (*Barbara P. Sugarman* with him on the brief; *Demov, Morris, Levin & Shein,* attorneys), for respondent.

TILZER, J.  In this derivative action, plaintiff, on behalf of Mony Mortgage Investors ("Monymi") seeks an accounting with respect to certain fees paid by Monymi to the Mutual Life Insurance Company of New York ("Mony"), pursuant to a management contract between Monymi and Mony.  More specifically, it is alleged that Monymi, a real estate investment trust organized pursuant to a declaration of trust under the laws of the Commonwealth of Massachusetts, has paid management fees to Mony which "are excessive and unwarranted and out of all proportion to the value of the services rendered by Mony to Monymi; [and that] such amounts paid constitute a waste of Monymi's assets."  It is alleged that such fees were paid solely as a result of the relationship of Mony and Monymi's trustees.  Further claims of mismanagement are alleged in that various investments were made which are inconsistent with Monymi's stated investment policy, and that such investments were actually made to benefit Mony's own investment program.  And, in this respect it is claimed that Mony which performs investment services on its own behalf, similar to those provided for Monymi, causes Monymi to bear many expenses which are properly chargeable directly to Mony.

The individual defendants who are all trustees of Monymi (defendant Nordblom has not been served with a complaint and has not appeared in the action), and defendant Mony, urge that the complaint fails to state a cause of action, since plaintiff, a minority holder of beneficial shares of interest in Monymi, failed to make demand for the commencement of action on either the trustees or the shareholders, and since the allegations of the complaint are insufficient to excuse the required demand.  Additionally, the appellants urge, as a documentary defense to the action, the exculpatory provision contained in the declaration of trust, providing in effect that the trustees may not be held liable for acts or omissions except in cases of "willful misfeasance, bad faith, gross negligence or reckless disregard of duty" (Declaration of Trust, § 7.1) and they argue that, inasmuch as it contains no such allegations, the complaint should be dismissed.

As noted, Monymi was formed pursuant to the laws of the Commonwealth of Massachusetts.  It is the general rule in New York that the question of whether demand on the trustees or stockholders is required as a condition precedent to mainte-

nance of a derivative action by a minority stockholder is governed by the law of the State of incorporation. (See *Newman v. Baldwin,* 13 Misc 2d 897; *Hausman v. Buckley,* 299 F. 2d 696, 700–703 [2d Cir.], cert. den. 369 U. S. 885; *Dopp v. American Electronic Laboratories, Inc.,* 55 F. R. D. 151, 155, n. 10 [S. D. N. Y.]; 11 N. Y. Jur., Corporations, § 373.) And, while in certain unusual instances the law of the forum or of another State having more significant contacts with the transactions might be applied in place of the law of the State of incorporation (Restatement, Conflicts of Laws 2d, §§ 302, 304, 309), plaintiff has failed to allege facts bringing him within such exception. Indeed, the facts indicate that the law of Massachusetts should be applied herein, not only because such would insure uniformity of treatment among the various shareholders and trustees, but additionally, since it appears that it was intended by the very language in the declaration of trust creating Monymi that the law of Massachusetts should govern (Declaration of Trust, § 9.1).

Applying Massachusetts law to the issues herein, it appears that it is the well-settled rule there, that prior to institution of a derivative action by a minority shareholder, demand must first be made upon the directors, and if rejected, demand must be made upon the shareholders. (See *Solomont & Sons Trust v. New England Theatres Operating Corp.,* 326 Mass. 99; *Datz v. Keller,* 347 Mass. 766; *Bartlett v. New York, New Haven & Hartford R. R. Co.,* 221 Mass. 530; *Matter of Kauffman Mut. Fund Actions,* 56 F.R.D. 128, affd. 479 F. 2d 256, cert. den. 42 U. S. L. W. 3197; *Pomerantz v. Clark,* 101 F. Supp. 341 [D. Mass.].) Plaintiff, however, urges that such rule is applicable only to business corporations and should not be applied to a business trust such as Monymi. This contention, however, not only lacks judicial support, but ignores the very terms of the declaration of trust. It is there provided:

" The Shareholders shall be entitled, to the same extent as the shareholders in a Massachusetts business corporation, to determine by vote whether a court action, proceeding or claim should be brought or maintained derivatively or as a class action on behalf of the Trust or its Shareholders." (Declaration of Trust, § 6.7.)

" The Shareholders, Trustees, officers, employees and agents shall in no event have any greater duties than those established by this Declaration of Trust or, in cases as to which such duties are not so established, than those of the shareholders, directors, officers, employees and agents of a Massachusetts business

corporation in effect from time to time." (Declaration of Trust, § 7.7.)

It is quite evident, therefore, that the declaration of trust seeks to confer on the shareholders and trustees alike, those rights and obligations which would devolve upon them if this were a business corporation. And, we note that the United States District Court for the District of Massachusetts has applied the Massachusetts rule with respect to the necessity of demand where a business trust was involved. (See *Matter of Kauffman Mut. Fund Actions, supra.*) Accordingly, we conclude that under the law of Massachusetts, plaintiff, as a minority shareholder, was required as a condition precedent to instituiton of this derivative action, to have first made demand upon the trustees and shareholders.

We now come to the question of whether plaintiff has alleged sufficient to indicate that demand would be futile and accordingly, should be excused. It is alleged in the complaint that a majority of the trustees of Monymi "were either officers and trustees of Mony, or in its employ, or under the control and domination of Mony and subservient to its wishes." Of course, "allegations of fact that both a majority of the directors and the holders of a majority stock interest are in the group of wrongdoers, or under their control, will excuse a plaintiff from making applications which would be futile." (*Datz* v. *Keller*, 347 Mass. 766, *supra.*) However, the complaint and even the affidavit in opposition to the motion rest solely upon the bald assertion of domination of the majority of the trustees. We note that the declaration of trust provides that a majority of the trustees shall be unaffiliated with Mony. (Declaration of Trust, § 4.3.)* And, it was established below that at all relevant times such requirement was complied with, and that but 5 of the 11 trustees were affiliated with Mony. While it might be assumed, therefore, that the affiliated trustees are controlled by the alleged wrongdoer (Mony), plaintiff, as indicated, must show by "allegations of fact" just how and in what manner the independent trustees are controlled. The references in the affidavit (in opposition to the motion below) to the fact that several of these trustees are associated with major financial institutions (i.e., Eastman Dillon Union Securities & Co., Inc., Drydock Savings Bank, East

---

* An affiliated trustee is defined as one " (i) who in his individual capacity is a director, trustee, officer, partner or employee of the Manager or of a Person who controls, is controlled by or is under common control with the Manager or (ii) who controls, is controlled by or is under common control with the Manager." (Declaration of Trust, § 1.4, subd. [a].)

River Savings Bank), which have and may have done business with Mony, falls far short of showing that the trustees are controlled by Mony, and must be deemed insufficient.

Nevertheless, plaintiff asserts that demand upon the trustees should be excused since a majority of them authorized and participated in the transaction complained of, and that institution of the action by the present trustees would place its conduct in hostile hands. However, although it is alleged that the directors participated, there are no factual allegations that they participated for their own benefit, derived wrongful or any gains from the transactions or acted fraudulently or in bad faith. Accordingly, all that is really alleged is that these trustees authorized or approved of the transactions. From such allegations, however, it cannot be assumed that the trustees were influenced by anything other than their own sound business judgment and accordingly, it cannot be assumed that they would "refuse to do [their] duty on behalf of the corporation if [they] were asked to do so." (*Bartlett* v. *New York, New Haven & Hartford R. R.*, 221 Mass. 530, 536, *supra*; see, also, *Dunphy* v. *Traveler Newspaper Assn.*, 146 Mass. 495.) This point was fully considered in *Matter of Kauffman Mut. Fund Actions* (479 F. 2d 257, 265, *supra*) as follows: "Where mere approval of the corporate action, absent self-interest or other indication of bias, is the sole basis for establishing the directors' 'wrongdoing' and hence for excusing demand on them, plaintiff's suit should ordinarily be dismissed". Finally, the claim that the matter would be placed in hostile hands suffers from the same defect already discussed; i.e., lack of factual allegations showing that the majority is hostile and will not perform its legal duties.

Moreover, the plaintiff has completely failed to excuse the lack of demand upon the shareholders, which as already noted, is required under Massachusetts law. The excuses offered, which are not repetitive of those already discussed in relation to the failure to make demand on the trustees, have in one form or another, been considered and rejected previously by the courts. Accordingly, the lack of ability of the shareholders to ratify the alleged wrongful acts was held in *Solomont & Sons Trust* v. *New England Theatres Operating Corp.* (326 Mass. 99, *supra*) to be irrelevant. The contention that the shareholders cannot compel the trustees to sue not only ignores the provision of the Declaration of Trust (§ 6.7), but a similar excuse was offered and rejected in *Pomerantz* v. *Clark*, 101 F. Supp. 341 (*supra*). That case also considered and rejected the last-mentioned reason offered to excuse demand, i.e., that it would

result in a proxy fight and prohibitive expenses. (See *Matter of Kauffman Mut. Fund Actions, supra.*)

We therefore conclude that the complaint fails to state a cause of action, in that it does not allege a prior demand upon the trustees or shareholders or sufficient allegations excusing such demand. In this posture of the case we do not reach the merits of the defendants' asserted defense based on documentary evidence.

Accordingly, the order entered July 20, 1973 denying the motions to dismiss the complaint should be reversed on the law, and the motions granted, with costs and disbursements.

KUPFERMAN, J. P., STEUER and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on July 20, 1973, unanimously reversed, on the law, the motions granted and the complaint dismissed. Appellants shall recover of respondent $60 costs and disbursements of the appeals.