■ HERMAN ROTTENBERG, Appellant, v WILLIAM L. PFEIFFER et al., Defendants, and PARK T. ADIKES et al., Respondents.—In a stockholder's derivative action, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated May 10, 1976, which granted the motions of defendants-respondents to dismiss the complaint, and (2) the judgment entered thereon on August 13, 1976. Order and judgment affirmed, with one bill of $50 costs and disbursements to cover both appeals. Plaintiff-appellant, an alleged shareholder of BT Mortgage Investors, a trust organized under the laws of Massachusetts, commenced this derivative action seeking damages and declaratory and injunctive relief. Plaintiff, *inter alia,* alleged that defendants conspired to damage the trust. Motions were made to dismiss the complaint. Said motions revolve around a conflicts of law issue as to whether Massachusetts or New York law should apply. Massachusetts requires that prior to bringing a derivative action, a shareholder make a demand upon the trustees and shareholders for the initiation of an appropriate action. We hold that Massachusetts law applies. Although New York has significant contacts with the trust, Massachusetts has a greater interest in having its law applied (cf. *Greenspun v Lindley,* 36 NY2d 473). The

agreement and declaration of trust establishing BT Mortgage Investors provides that Massachusetts law shall apply, *inter alia,* in construing the rights of the parties. Therefore, the parties contracted on the basis of Massachusetts law controlling. Having so agreed the parties have a right to expect that their interests will be protected under the laws of that State. This results in uniform protection of all shareholders irrespective of their residence. Moreover, application of Massachusetts laws furthers its legitmate State interests without violating New York public policy. Having determined that Massachusetts law applies, we hold the complaint was properly dismissed. Plaintiff failed to adequately excuse his failure to make a prior demand on the shareholders to bring an appropriate action as required by Massachusetts law. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur. [86 Misc 2d 556.]