OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Appellate Division correctly held that the complaint should be dismissed for failure to give the shareholders notice of the suit as is required by the laws of Massachusetts. In this case, as in Greenspun v Lindley (36 NY2d 473), the trust agreement expressly provides that the laws of Massachusetts, the State where the trust was created, should be controlling. Plaintiff’s contention that the laws of New York should be applicable is based on allegations *966 that the trust had significant contacts with the State in that it “acquired its original core of shareholders” in 1968 by entering a reorganization agreement with a corporation based in New York, that the trust still has a significant number of shareholders in this State and does a significant amount of business here. Plaintiff claims that this distinguishes the case from Greenspun, where there was no proof of any “significant association or cluster of significant contacts” with this State. She does not contend, and indeed, could not on this record, that the party’s express choice of the laws of Massachusetts should not be enforced because the trust does not have any contacts with that State. In our view the factors alleged do not invoke any overriding policy consideration under the laws of New York and do not provide a compelling reason or justification for disregarding the express agreement of the parties that their rights under the trust should be governed by the laws of Massachusetts, the State where the trust was founded.
In addition we note that the plaintiff failed to establish a sufficient factual predicate to assert personal jurisdiction over the defendant Prickett.
Chief Judge Cooke and Judges Oabrielli, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Jasen taking no part.
Order affirmed, with costs, in a memorandum.