OPINION OF THE COURT
Herbert Kramer, J.
This stockholder’s derivative action seeks to nullify the action of the board of directors of the Penn Central Corporation in awarding bonuses totaling over $1,000,000 to two key executives. Plaintiff claims these bonuses are illegal, a waste of corporate assets, and constitute a breach of the directors’ fiduciary duties.
Defendants move to dismiss pursuant to CPLR 3211, on the ground that plaintiff has failed to either make the requisite demand on the board of directors prior to com *29 mencing suit or to adequately justify his failure to do so. Plaintiff contends that by the nature of the wrong complained of, such demand would have been futile, and should therefore be excused. This is the sole issue before the court; the ultimate question of the propriety of the board action is not part of this motion.
FACTS
The Penn Central Corporation, upon emergence from Federal bankruptcy proceedings, was involved in congressionally authorized litigation to determine the amount and method of compensation to be paid to it by the United States Government for the rail properties which comprised the Penn Central system, subsequently transferred to the Consolidated Rail Corporation pursuant to Federal law. The litigation was settled for $2.1 billion in cash, after extensive negotiations conducted on behalf of Penn Central by Richard Dicker, chairman of the board and chief executive officer, and E.R. Varalli, vice-president and controller. In consideration and recognition of their extraordinary efforts, the disinterested members of the board voted bonuses of $1,000,000 and $100,000 for Messrs. Dicker and Varalli, respectively.
Plaintiff, a shareholder of the corporation, instituted this lawsuit on its behalf, alleging that the bonuses were ultra vires and damaged the corporation.
The Penn Central Corporation is organized under the laws of Pennsylvania and has its principal executive offices in New York.
DISCUSSION
Plaintiff contends that New York law governs the issue of the demand requirement; defendants, on the other hand, urge that Pennsylvania law applies. Although both New York and Pennsylvania maintain that a demand on the board of directors is a condition precedent to suit, there are nuances in the state of the law of each jurisdiction requiring a preliminary determination as to which law governs.
As there is no specific statement to the contrary from either party, judicial notice is taken of the extensive railroad and real estate operations of the predecessor corporation in both Pennsylvania and New York.
*30 Plaintiff contends that New York law should apply to the demand issue by virtue of the confluence of sections 626 and 1319 of the New York Business Corporation Law, which purport to make New York’s internal demand requirements applicable to a foreign corporation sued here. Defendants’ position, however, is that the case law in New York requires that the law of the State of incorporation, Pennsylvania, applies, citing for example, Greenspun v Lindley (44 AD2d 20, affd 36 NY2d 473), and Rottenberg v Pfeiffer (86 Misc 2d 556, affd 59 AD2d 756).
This court holds, in a case of first impression, that section 1319 of the Business Corporation Law is not a conflict of laws rule, and does not compel the application of New York domestic law, but rather, allows the application of the center of gravity or grouping of contacts conflict rule.
The traditional conflict of laws rule regarding the liability of corporate directors is to apply the law of the State of incorporation. Examining the Pennsylvania law, however, we find that the demand requirement has been placed within procedural rules,[1] while the rule in New York is found within a body of substantive law.[2] In order to determine which law applies, this court must first decide whether the demand requirement is substantive, and governed by the law of the State of incorporation, or procedural, in which case the law of the forum State applies.
The courts have encountered some difficulty in framing an exact rule to determine whether a matter is procedural or substantive (see Davenport v Webb, 11 NY2d 392; Bournias v Atlantic Mar. Co., 220 F2d 152). However, as stated in Bournias, the burden upon the forum court of imposing foreign procedural law militates against doing so, although such reliance would have the salutary effect of discouraging forum shopping. Thus, the better practice is to classify matters as procedural only where absolutely necessary.
New York has adopted a liberal rule in resolving the procedure-substance dichotomy and deems substantive anything that places an impediment upon either the right or the remedy (Intercontinental Planning v Daystrom, Inc., 24 NY2d 372; Davenport v Webb, supra; Greenspun v *31 Lindley, supra; Rottenberg v Pfeiffer, supra; Bournias v Atlantic Mar. Co., supra). New York has held that matters which are typically perceived to be procedural are, in fact, substantive in the conflict of laws context (Davenport v Webb, supra). Justice Gibbons, in Rottenberg v Pfeiffer (supra), treated the question of demand as substantive. Thus, regardless of Pennsylvania’s placement of the demand requirement within its procedural rules, this court holds that the demand requirement is a matter of substantive law, governed by the conflict of laws rules dealing with matters of substance.
Examining the substantive conflict of laws rules, this court holds that the law of the State of incorporation applies. In these areas, the State of incorporation is a most significant contact. In fact, prior to the enactment of the predecessor statutes to sections 626 and 1319 of the Business Corporation Law, New York’s public policy against interfering with the internal affairs of a foreign corporation was so strong that the courts declined jurisdiction of such cases (Cohn v Mishkoff Costello Co., 256 NY 102; cf. Tarlow v Archbell, 47 NYS2d 3, affd 269 App Div 837, affd 296 NY 757).
The general rule in this State is to apply the rule of “center of gravity” or most significant contacts (Intercontinental Planning v Daystrom, Inc., supra; Auten v Auten, 308 NY 155), except in the case of an overriding public policy (Kilberg v Northeast Airlines, 9 NY2d 34).
The significant contacts favoring Pennsylvania are that it is the State of incorporation and that business transactions have occurred there of which the court has taken judicial notice. Contacts favoring New York are the location of Penn Central’s principal executive offices and significant business transactions of which the court has taken judicial notice. As between the State of incorporation and the location of executive offices, the State of incorporation is the more significant contact. There has been no showing on the record before this court that the amount of business transacted in New York is sufficient to overcome the balance in favor of the State of incorporation.
It is conceivable that New York law would be applied in the case where no business was transacted in the State of *32 incorporation and the corporation was not present in that State but for the incorporation therein (see Greenspun v Lindley, 44 AD2d 20, affd 36 NY2d 473, supra; Rottenberg v Pfeiffer, 86 Misc 2d 556, affd 59 AD2d 756, supra). This view is supported by the Restatement of Conflicts in those cases where the forum State has an explicitly applicable statute.[3]
This court holds that section 1319 of the Business Corporation Law must be read as the statutory predicate allowing New York to follow the substantial contacts view in accordance with the Restatement rule.
Finally, there appears to be no overwhelming public policy in this State which would preclude application of the more onerous Pennsylvania law. (See Rottenberg v Pfeiffer, supra; Skolnik v Rose, 55 NY2d 964.)
Thus, this court concludes that the rights of the parties are governed by Pennsylvania law.
Having so determined, we must next examine Pennsylvania law to ascertain whether plaintiff’s failure to make a demand upon the board of directors bars the action.
Plaintiff alleges that he did not make a demand because such demand would have been futile in that members of the board as currently comprised either participated or acquiesced in the alleged wrongdoing and are themselves defendants.
The law of Pennsylvania requires a stronger showing of futility than that alleged here. In the most recent reported decision, the court repeated the recurrent principles stated in older cases; that a stockholder must demonstrate that all avenues were pursued in the effort to induce the board of directors to bring such an action (.Burdon v Erskine, 264 Pa Super 584). Although factually dissimilar from the case at bar in that the plaintiff in Burdon was the sole stockholder and arguably had greater access to management, the rule is stated as having uniform application to stockholder’s derivative actions.
In Evans v Diamond Alkali Co. (315 Pa 335), the court relied on its previous decisions to hold that demand would be excused where “ ‘fraudulent acts * * * so interwoven *33 with the conduct of the corporate managers and of such nature that it might be presumed the officers would commit a breach of trust in refusing to proceed’ ” had apparently occurred {supra, p 337, quoting Wilson v Brown, 269 Pa 225, 227). Furthermore, Evans stated that there is no inherent presumption that officers will commit such a breach and an allegation to the contrary “ ‘should rest on acts, affirmative or permissive, duly averred, manifestly in violation of duty, and manifestly the result of fraud and not of erroneous judgment’ ” (315 Pa, at p 337, quoting Wilson v Brown, 269 Pa 225, 227).
Demand was excused in a case where the five-member board was so divided that two members brought an action against the other three seeking to set aside a sale of treasury stock voted by defendants, which effectively shifted control of the company from plaintiffs to defendants (Glenn v Kittanning Brewing Co., 259 Pa 510).
In Lewis v Curtis (671 F2d 779), the demand requirement was found in the Federal Rules of Civil Procedure but was ultimately decided on the basis of State law. The court stated (p 785) that the majority view is that demand will not be excused merely because a majority of the board approved the transaction in question absent their “self-interest or bias”.
There is no reason to believe, based on research of the law of Pennsylvania that that State’s highest court deciding this issue today would view its law any differently.
Thus, this court holds that as a matter of Pennsylvania law, sufficient factual allegations have not been made to set aside the demand requirement.
For the foregoing reasons, the motion to dismiss is granted.

. Pa Rules of Civ Pro, Pa Cons Stats Ann, tit 42, rule 1506, subd 2.

. Business Corporation Law, §§ 626, 1319.

. Restatement, Conflict of Laws 2d, § 309.