OPINION OF THE COURT
Herbert Kramer, J.
This motion seeks to vacate two items in a notice for discovery of attorney’s bills in defendant’s counterclaim for fraudulent inducement and breach of a partnership agreement. Plaintiff contends that the bills are (1) nonmaterial, (2) privileged, (3) work product and, further, (4) lack of specificity.
The bills in question were issued by an attorney to Steland Design and Development Corporation (Steland), of which the plaintiffs are principal stockholders. Defendant, doing business in Florida, Steland, with an address in Brooklyn, New York, and a Florida teachers’ union, formed a partnership called FSC Associates (FSC). Their agreement provided for reimbursement of expenses incurred in developing certain Florida real property and contained no choice-of-law clause.
*186 Where the factual predicate discloses elements of an interstate transaction, the initial focus must concern the choice of law. The forum State applies local rules of evidence and procedure; however, matters typically perceived to be procedural are in fact substantive for conflict of law purposes (Intercontinental Planning v Daystrom, Inc., 24 NY2d 372; Lewis v Dicker, 118 Misc 2d 28; Restatement, Conflict of Laws 2d, § 138).
The attorney-client privilege, as a rule of evidence, this court holds, contains elements of both substance and procedure.
The common-law attorney-client privilege was limited to the trial at bar and was deemed procedural for choice-of-law purposes (Kilberg v Northeast Airlines, 9 NY2d 34), CPLR 4503 enlarged the privilege to apply to all confidential communications. Such confidential communications as precede the litigation at bar, this court holds, are deemed substantive in nature for conflict of law purposes.
Additionally, we prefer to deem as substantive that which may be determinative of trial outcome, to limit the effect of forum shopping, albeit discovery is procedural for other than conflict purposes. In this instance involving a claim of privilege, the limits of the procedural device of discovery are determined by trial admissibility which is a matter of substance for conflict of law purposes. At this early stage of the litigation, the State with more significant contacts must be determined, in order to determine the substantive law to be applied.
The contacts between the New York attorney and the billed New York “client” occurred in New York. While the real property in question may have been located in Florida and Florida law may govern other portions of the controversy, New York law must apply to the privilege based on the center of gravity or grouping of contacts rules (see Davenport v Webb, 11 NY2d 392; Bournias v Atlantic Mar. Co., 220 F2d 152; Auten v Auten, 308 NY 155; Lewis v Dicker, supra; cf. Matter of Cepeda, 233 F Supp 465; see, also, Restatement, Conflict of Law 2d, § 139).
Moreover, each of the claims of nonmateriality, work product, and lack of specificity are governed by the New York CPLR as a matter of pure procedure.
*187 Having resolved the choice of law, we proceed to its application. One litigation issue is the actual damage incurred and the extent of reimbursement therefor. The bills are useful and reasonable to the prosecution of the action (Matter of American Tel. & Tel. Co. [Salesian Soc.], 85 AD2d 816), and thus are material and necessary (CPLR 3101, subd [a]).
Plaintiffs further assert that the bills are “narrative” and contain a detailed description of confidential services rendered (to their client), and should be precluded from discovery (CPLR 3101).
The attorney-client privilege in New York attaches when a person consults with an attorney in confidence, for the purpose of obtaining legal services (CPLR 4503). Payment of a fee to the attorney for legal services in and of itself is not necessarily determinative of the existence of an attorney-client relationship (5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.04; People v O’Connor, 85 AD2d 92). The relationship is not triggered, as is claimed by the movant, by a third-party benefactor who pays for a client’s legal fees (Matter of Priest v Hennessy, 51 NY2d 62). Rather it is the act of directly rendering legal advice, services, or assistance (Matter of Grand Jury Subpoena [Bekins Stor. Co.], 118 Misc 2d 173) that forms the touchstone of the attorney-client relationship.
These bills were issued to Steland, which is prima facie evidence of the identity of the client. The attorney’s work, however, seemingly was done on behalf of FSC, in fact, necessitating reimbursement. Thus, by the nature of that work, FSC may have been the client, with Steland as the negotiating partner. No bar would then exist to releasing these narrative bills.
In that event, as when joint clients share an attorney for their mutual benefit and litigation later arises between them, the attorney-client privilege is lost (Matter of Swan-tee, 90 Misc 2d 519). No showing has yet been made that services were rendered to Steland only. Since usually the person billed is the client, the burden is upon the one seeking to show otherwise. Due to the early stage of litigation, it does not yet appear that defendants were a *188 client, though the attorney’s work seemed to have benefited them. This conclusion, however, must await further discovery and this court holds that the narrative portions of the bills should be withheld until a further showing is made.
As to the dollar amounts reflected on the bills, it has been held that records of these amounts, fee arrangements, and “[any] communication concerning the fee to be paid * * * is a collateral matter which * * * is not privileged” (Matter of Priest v Hennessy, 51 NY2d 62, 69, supra; emphasis added). The amount of the bills are discoverable.
Finally, the plaintiffs argue that the bills in question should be precluded because of the work product doctrine codified in CPLR 3101 (subd [c]). The courts have limited construction of this section to materials uniquely associated with an attorney’s professional skills (Hoffman v Ro San Manor, 73 AD2d 207, 211). This court declines to attribute a bill to the unique skills of an attorney.
The exemption of CPLR 3101 (subd [d]) “[mjaterial prepared for litigation” has been found a necessary complement to CPLR 3101 (subd [c]). Adopted from the Federal context (Fed Rules Civ Pro, rule 26, subd [b], par [3] [in US Code, tit 28, Appendix]), work product has usually been limited to “[materials] prepared in anticipation of litigation” (Hickman v Taylor, 329 US 495, 511; emphasis added). New York’s legislative distinction between work product (CPLR 3101, subd [c]) and material prepared for litigation (CPLR 3101, subd [d]), merely limits the operation of subdivision (c) to materials prepared by the lawyer for current litigation purposes (Matter of Grand Jury Subpoena [Bekins Stor. Co.], 118 Misc 2d 173,177, supra). Bills are not typical of those materials used for a trial and, therefore, not exempted by CPLR 3101 (subd [d]).
Further, this court holds that even if the narrative portions of the bills describe material prepared for previous litigation, the CPLR 3101 (subd [d]) exemption still would not be applicable. “[M]aterial prepared for related litigation is treated as if it is not prepared for the case at bar” (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.51; emphasis added; Milone v General Motors Corp., 84 AD2d 921).
*189 Alternatively, since the bills in question might ordinarily be admissible at trial as a record prepared in the ordinary course of business (CPLR 4518, subd [a]), a finding that they were prepared for current litigation, and work product as such, would be wholly inconsistent (Weisgold v Kiamesha Concord, 51 Misc 2d 456, 458).
Plaintiffs rightly argue that the second requested item lacks the requisite specificity required by CPLR 3120. Defendant’s request for “any other bills” is too broad to satisfy the standard of “ ‘reasonable particularity’ ” (Ehrlich v Ehrlich, 74 AD2d 519).
Motion denied except as to item 1 which is granted to the extent of the narrative portions of the bill, with leave to renew upon a further showing in accordance with this opinion.