C. SVERRE JUELL, Appellant, *v.* NEW AMSTERDAM CASUALTY COMPANY, Respondent.

First Department, May 25, 1928.

Contracts — building contract — action upon bond given by defendant conditioned that contract to erect buildings would be complied with — building contractor failed to perform — contractor testified that written contract differs from that agreed upon and that contractor was induced to sign by statement that oral contract would prevail — contract having been made in name of plaintiff, though property was in corporation, plaintiff is proper party — issue of fact whether contract was bona fide, and if so, amount of damages, should have been submitted to jury.

This action is on a bond given by the defendant company, conditioned that a contract to erect twenty-five bungalows for a lump sum would be complied with. The building contractor did not complete the work. He testified that the true contract entered into between the plaintiff and himself provided for payment on account and for much less elaborate buildings than the written contract signed, and that the written contract was signed in reliance upon the representation by the plaintiff that he would abide by the true contract. The court

directed a verdict for the plaintiff for six cents on the theory that the title to the real estate was not in the plaintiff.

The title to the real estate was in the corporation owned by the plaintiff, but since the contract was made in his name, he is the proper party to bring the action.

However, an issue of fact was presented as to whether or not the contract sued upon was the true contract of the parties, and that issue should have been submitted to the jury, and, furthermore, if it was found that the written contract was the true contract, then the question of damages should likewise have been submitted to the jury.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 15th day of January, 1926, and also from an order entered in said clerk's office on the 21st day of January, 1926.

*Anthony J. Ernest* of counsel [*Joseph P. Nolan,* attorney], for the appellant.

*Frederick Hulse* of counsel [*Eidlitz & Hulse,* attorneys], for the respondent.

FINCH, J. The action was brought to recover upon a bond given by the defendant company conditioned that a contract to erect twenty-five bungalows for a lump sum would be complied with. The building contractor did not complete the work. He built the foundations and then demanded a payment on account, failing to receive which he refused to go on with the work. Under the written contracts between the plaintiff and the building contractor no such payment was provided for. The building contractor, however, testified that under the true contract which existed between himself and the plaintiff, he was entitled to such payment and that he was induced to sign the written contracts, which differed from the actual contract, upon the plaintiff's representation that the written contracts were of no consequence, and were executed for the sole purpose of enabling the plaintiff to obtain a larger building loan than he otherwise would be entitled to. The contractor further testified that when the written contracts containing the building specifications were first submitted to him he refused to sign them, upon the ground that they did not embody the plans upon which the contractor had based his offer to construct for the agreed price, but were much more elaborate. Upon the aforesaid representation of the plaintiff, however, the building contractor testified he signed the contracts.

At Trial Term the court granted the motion of the defendant to direct a verdict for the plaintiff for six cents upon the ground that as it appeared the title to the real estate was not in the plaintiff, the plaintiff suffered no damage by reason of the failure of the contractor to erect the bungalows, since if the contractor had

performed plaintiff could not have benefited. The plaintiff contracted for the purchase of the real property in question in his own name but took title in the name of a corporation of which he owned all the capital stock and which was incorporated for the sole purpose of taking title to the property in question. The reason, according to plaintiff's testimony, was that a proposed mortgagee wanted the mortgage in the name of a corporation. The contract having been made in the name of the plaintiff, he is the proper party to bring the action. (*Wells* v. *Merrill*, 204 App. Div. 696.)

Provided the written contract was *bona fide*, which is the primary issue in the case, the only remaining question is the damages suffered by the failure to complete the contract. From the alleged written contracts, the contractor had undertaken to erect twenty-five bungalows for the sum total of $72,500. There was testimony on behalf of the plaintiff from which an inference might be drawn that it would cost $8,000 apiece to erect the houses. From any such sum would have to be deducted the cost of the foundations already completed. The correct measure of plaintiff's damage under the pleadings is the difference between the contract price and what it would cost the plaintiff to complete the contract. There is no question that the proof upon this issue is very meagre. It does sufficiently appear, however, that the plaintiff may have suffered substantial damage if the written contract is *bona fide*, so that it would be an injustice to dispose of this litigation without affording to the plaintiff the right to submit the issues of fact herein to a jury.

There were thus two issues of fact, which should have been submitted to the jury. The primary issue as noted was whether there was a *bona fide* contract between plaintiff and the building contractor for the erection of the bungalows in accordance with the written specifications and, if there was, then the amount of damage to the plaintiff resulting from the failure of the contractor to complete the contract.

The judgment and order appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.