MADAWICK CONTRACTING Co., INC., Appellant, *v.* TRAVELERS INSURANCE COMPANY et al., Respondents.

Argued April 7, 1954; decided May 27, 1954.

*Stephen J. Masse* and *Albert A. DuPont* for appellant. I. In the circumstances presented here, Travelers is required to pay under the terms of the policy any judgment entered upon an award that might be made on Ley's claim in arbitration. (*Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145; *Rosenberg* v. *Schwartz*, 260 N. Y. 162; *Di Marco & Ciccone* v. *Travelers Ind. Co.*, 287 N. Y. 601; *Green Bus Lines* v. *Ocean Acc. & Guar. Corp.*, 287 N. Y. 309; *People* v. *Richetti*, 302 N. Y. 290; *Hyman* v. *Pottberg's Executors*, 101 F. 2d 262; *People ex rel. Hunter Arms Co.* v. *Foster*, 247 App. Div. 619; *Tilden* v. *Aitkin*, 37 App. Div. 28.) II. The policy, having been amended to include insurance coverage required by the Madawick-Ley contract, should be construed in the light of that contract. III. If Travelers is not bound, the claim for property damage caused by accident is not arbitrable. (*Matter of Smith Fireproof Constr. Co.* v. *Thompson-Starrett Co.*, 247 N. Y. 277; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284.)

*John G. Donovan* and *Louis P. Galli* for Travelers Insurance Company, respondent. I. Travelers never consented to arbitration. (*Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130; *Matter of Philip Export Corp.* [*Leathertone, Inc.*], 275 App. Div. 102; *Matter of Brescia Constr. Co.* v. *Walart Constr. Co.*, 264 N. Y. 260; *Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288; *Matter of General Silk Importing Co.*, 200 App. Div. 786, 234 N. Y. 513; *Schafran & Finkel* v. *Lowenstein & Sons*, 280 N. Y. 164.) II. Arbitration is not a suit. (*Son Shipping Co.* v. *De Fosse & Tanghe*, 199 F. 2d 687; *Boyden* v. *Lamb*, 152 Mass. 416; *Matter of Curtis*, 64 Conn. 501; *American Almond Products Co.* v. *Consolidated Pecan Sales Co.*, 144 F. 2d 448; *Syracuse Plaster Co.* v. *Agostini Bros. Bldg. Corp.*, 169 Misc. 564; *Matter of Interocean Mercantile Corp.*, 204 App. Div. 284; *Crook* v. *Chambers*, 40 Ala. 239; *McKesson & Robbins* v. *Leonard James Co.*, 129 F. 2d 563.) III. Judgment entered upon an arbitrator's award is not " liability imposed by law " within

the terms of this policy. (*Green Bus Lines* v. *Ocean Acc. & Guar. Corp.*, 287 N. Y. 309; *People ex rel. Steckler* v. *Warden of City Prison*, 259 N. Y. 430.) IV. Travelers was not a party to the Madawick-Ley contract and is not bound by the arbitration clause contained in it. (*Bohlinger* v. *Zanger*, 306 N. Y. 228.)

*Clarence C. Meleney* for Fred T. Ley & Co., Inc., respondent. I. Under the terms of the policy the insurance company would be obligated to pay any judgment entered upon an arbitration award. II. The Travelers Insurance Company is estopped from denying its obligation to defend Madawick in the arbitration. III. The claim of Ley against Madawick is arbitrable.

*John G. Jackson* for American Arbitration Association, Inc., *Woodson D. Scott* for Chamber of Commerce of the State of New York, *John T. Carr Lowe* for American Institute of Architects, *Samuel L. Rosenberry* for New York Stock Exchange and *John K. Watson* for General Arbitration Council of the Textile Industry, *amici curiæ*. I. An arbitration award is a liability imposed by law. (*Matter of Arcadu* v. *Levinson*, 250 N. Y. 355.) II. The words " suit " and " trial " as used in the insurance policy issued by the Travelers Insurance Company to Madawick Contracting Co., Inc., include arbitration. (*Kohl* v. *United States*, 91 U. S. 367; *Weston* v. *City Council of Charleston*, 2 Pet. [U. S.] 449; *Drake* v. *Gilmore*, 52 N. Y. 389; *Matter of Hayt*, 39 Misc. 356; *Stathatos* v. *Bernstein S. S. Corp.*, 202 F. 2d 525; *Murray Oil Products Co.* v. *Mitsui & Co.*, 146 F. 2d 381; *Hyman* v. *Pottberg's Executors*, 101 F. 2d 262.) III. Insurance contract provisions are to be resolved against the insurer. (*Taylor* v. *United States Cas. Co.*, 269 N. Y. 360; *Marshall* v. *Commercial Travelers' Mut. Acc. Assn.*, 170 N. Y. 434; *McGrail* v. *Equitable Life Assur. Soc. of U. S.*, 292 N. Y. 419, 293 N. Y. 663; *Abrams* v. *Great Amer. Ins. Co.*, 269 N. Y. 90; *Herrman* v. *Merchants' Ins. Co.*, 81 N. Y. 184; *Dupee* v. *Travelers Ins. Co.*, 253 App. Div. 278; *Gumbinsky Bros. Co.* v. *Smalley*, 203 App. Div. 661, 235 N. Y. 619; *Oswego Falls Pulp & Paper Co.* v. *Stecher Lithographic Co.*, 215 N. Y. 98; *Zeig* v. *Massachusetts Bonding & Ins. Co.*, 23 F. 2d 665; *Rickerson* v. *Hartford Fire Ins. Co.*, 149 N. Y. 307; *McMartin* v. *Fidelity & Cas. Co.*, 239 App. Div. 296, 264 N. Y. 220.)

Van Voorhis, J. This action concerns the liability of an insurance company carrying liability insurance protecting a subcontractor against its contractual obligation to indemnify the general contractor against "liability imposed upon the Contractor by law for damages because of (a) * * * and (b) Injury to or destruction of property caused by accident, due to any act or omission of the Subcontractor, his employees or agents, arising out of and during the prosecution of the Work of the Subcontractor as contemplated under this Agreement." The work to be performed by the subcontractor consisted of sheet piling, shoring, bracing and underpinning at the new Mercantile Building in Hempstead, Nassau County. The contract required the subcontractor to carry liability insurance against such risks. The general contractor has made a claim against the subcontractor for property damage alleged to have been caused to part of the west foundation wall and part of the adjoining property on the west, due to accident arising out of the prosecution of the work of the subcontractor.

The contract between the contractor and the subcontractor called for arbitration of disputes, and the insurance carrier seeks to escape liability upon its policy upon that ground, contending that it became obligated to indemnify only in event of a liability established by action in the courts resulting in a judgment.

The action is for a declaratory judgment determining that the insurance carrier is required to defend plaintiff, the subcontractor, and to pay any award which may be rendered against plaintiff in the arbitration proceeding which has been instituted by the general contractor pursuant to the arbitration clause in the contract. The trial court found that the insurance policy covered liability for property damage imposed by law due to destruction of the property from accident arising out of the hazards of the performance of the work under the subcontract, that the insurance carrier is liable for indemnification, that the dispute involves an amount less than the face of the insurance policy, that the contractor served a formal demand for arbitration of the claim upon plaintiff subcontractor, that the insurance carrier was duly informed of the aforesaid dispute or claim and of the demand for arbitration, but notified plaintiff

that it refused to appear for or defend plaintiff in the arbitration proceeding and took the position that it would not make payments under the policy pursuant to any award in those proceedings. The trial court found as conclusions of law that the arbitration proceeding demanded by the general contractor, Fred T. Ley & Co., Inc., was in accordance with the clause in the subcontract, that the contractor has the right to arbitrate the claim, that the word " suit " appearing in the liability insurance policy issued by the carrier to the subcontractor is a broad term which includes arbitration within its scope, and that the insurance carrier is obliged to defend plaintiff in the arbitration proceeding and pay any award which may be entered provided that it is confirmed by the court.

The Appellate Division held that the insurance carrier is not required to defend plaintiff in the arbitration proceeding nor to pay any award which may be rendered against plaintiff. New findings were made to the effect that by the insuring agreement the carrier agreed to defend in the insured's name and behalf " any suit " against the insured's alleging such injury or destruction to property, and that among the conditions it is provided that no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, " nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company." The policy in its original form had been issued prior to the signing of the subcontract which gives rise to this dispute. Reference to the coverage of the policy under what is defined as " Operations " on the front page shows that " Contractual " indemnity was not originally included. The meaning of the word contractual is defined on page 2 as " The express undertakings of the named insured designated in the declarations." The subcontract between plaintiff and the general contractor was signed July 11, 1950. After receiving this subcontract, which required insurance coverage of plaintiff by way of " contractual " indemnification of the sort just mentioned, plaintiff's manager telephoned to a Mr. Doyle of Donohue & Company, agents of the Travelers, and told him what the contract called

for and asked for an oral binder. Upon the following day, plaintiff's manager went to the Donohue office bringing the contract with him and handed it to Mr. Doyle who read it in his presence. Soon afterward a certificate was mailed to plaintiff's manager. It refers to the original policy by number, provides coverage of $50,000 property damage liability for each accident, describes the " Operations " covered as " Sheet piling, shoring, bracing and underpinning ", and adds: " Including contractual between Fred T. Ley & Co., Inc. and assured as per agreement contained on the reverse side of this certificate." The location of the work is stated as " Mercantile building on N/S Fulton Ave. 113.25′ E. Main St., Hempstead, N. Y." The indemnity clause in the contract with the general contractor is substantially set forth on the back of this certificate. This excerpt is the part of the contract which rendered the insurance policy necessary.

This paper was, strictly speaking, a certificate rather than an indorsement, and thereafter formal indorsements were prepared and issued by the carrier, specifically enumerating the hazards involved in this operation and expressly indemnifying plaintiff against its liability to the general contractor. Concerning the latter subject, which directly concerns this litigation, one of the formal indorsements is entitled " CONTRACTUAL LIABILITY ENDORSEMENT ", beneath which is written " (Statement of express understanding with respect to which insurance applies) ". Then under this is written: " Such insurance as is afforded under division 5 of the Definition of Hazards applies to that part of the contract between the named insured and Fred T. Ley Co. Inc. at North Side of Fulton Ave. 113.25 feet east of Main St., Hempstead, N. Y.". Division 5 of the master policy then in force is the one mentioned above which is designated on the face of the policy as " Contractual ".

During the course of the work and on September 22, 1950, the foregoing policy expired, but the insurance coverage was continued by the issuance by defendant Travelers of a renewal policy with indorsements, and a certificate similar to the one previously issued was mailed to defendant Ley.

The situation here presented is unlike either the case of *Matter of Riverdale Fabrics Corp. (Tillinghast-Stiles Co.)* (306

N. Y. 288) or *Matter of Level Export Corp. (Wolz, Aiken & Co.)* (305 N. Y. 82). Here we are confronted by a situation where the insurance carrier, whose representative had read the subcontract containing an arbitration clause which the policy was given to implement, now repudiates liability upon the ground that the contract made arbitration the exclusive remedy which the general contractor refuses to waive. The object of this policy was to indemnify the subcontractor and the contractor against liability resulting from the operations of the subcontractor. Having incorporated the relevant portion of the subcontract in its insurance policy, and having indemnified the subcontractor against its liability thereunder, the insurance carrier must be deemed to have implemented this clause in its context as part of the entire subcontract, inasmuch as protection of the subcontractor against its liability to indemnify the general contractor meant protecting it under this clause however the clause might be affected by the terms and provisions of the agreement as a whole. The insurance company cannot escape liability under such circumstances by claiming that it was ignorant of some other part of the contract which conditioned the meaning or operation of the indemnity clause. Each portion of an agreement is qualified by other portions that are relevant thereto, and has no separate existence apart from them. Even without the testimony that this contract was read by the insurance agent, when an insurance company contracts to indemnify under such circumstances as to protect the insured against a particular liability imposed upon it by a construction contract, the insurer should be construed to have promised to do so in accordance with the requirements, terms and conditions of the agreement. The contract of a surety on a building or construction contract is to be construed together with other instruments to which it refers (72 C. J. S., Principal and Surety, § 100, p. 580). The same rule should be applied to a policy of insurance indemnifying a surety in respect to the performance of such an obligation.

Insofar as concerns the conditions precedent prescribed in paragraph 11 of the policy, it is unnecessary to decide whether for all purposes an arbitration would amount to a " trial " or whether the use of the word " judgment " would imply gen-

erally that there must be a court action resulting in the judgment. In certain contexts, that might be true. Nevertheless, words and phrases as used in particular contracts are to be interpreted in accordance with the meaning with which they have been invested by the parties. It is sometimes said that parties in their agreement may furnish their own glossary of the terms which they have employed. Here, by issuing an insurance policy to implement a construction contract which shows on its face that liability under the policy may result only through an award in arbitration proceedings, unless the adverse party elects to waive arbitration, the carrier is deemed to have meant the word " trial " as used in this policy to include arbitration proceedings, and to have intended that " judgment " shall include such judgments as are entered upon confirmation of arbitration awards pursuant to section 1464 of the Civil Practice Act, which by section 1466 are given the same force and effect after entry as a " judgment in an action ". The policy indicates that for its purposes such a judgment is intended to express a " liability imposed by law " in fulfillment of the conditions of paragraph 11. Otherwise the insurance coverage would be illusory. The insurance company must be construed to have issued its policy in the light of the circumstance that the general contractor might insist upon the right to arbitration, as Ley has done in this instance. " All words," says Lord BACON, " whether they be in deeds, or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the matter and the person." (Bacon's Law Maxims, reg. 10.) This was quoted in an opinion per COLLIN, J., in *People ex rel. New York Central & H. R. R. R. Co.* v. *Walsh* (211 N. Y. 90, 100), to which was added: " The ascertainment of the substantial intent of the parties is the fundamental rule in the construction of all agreements."

The judgment of the Appellate Division should be reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment reversed, etc.