Dye, J.
Section 132 of our Decedent Estate Law provides that, “ When final judgment for the plaintiff is rendered ” in a wrongful death action, ‘ ‘ the clerk must add to the sum so awarded, interest thereupon from the decedent’s death, and include it in the judgment ”.
The issue presented on this appeal is whether that provision applies to an action brought in New York but based on a wrong committed elsewhere, in other words, whether the addition of prejudgment interest is to be governed by lexi fori or by lex loci delictus. The deaths in this case resulted from an automobile collision which occurred in Maryland; the decedents were residents of New York. Neither Maryland’s wrongful death statute nor that State’s case law authorizes the addition of prejudgment interest.
These actions resulted in a verdict and judgment for plaintiffs, which judgment was subsequently amended, on motion, to include interest from the date of death, on the authority of Kilberg v. Northeast Airlines (9 N Y 2d 34). Upon appeal, the Appellate Division unanimously modified the judgment by striking the addition of interest.
The overwhelming weight of authority, recognizing that ‘1 the question of the proper measure of damages is inseparably connected with the right of action ” (Chesapeake & Ohio Ry. Co. v. Kelly, 241 U. S. 485, 491), has long held that the measure of damages for a tort is to be treated as a matter of substance, governed by the law of the place where the wrong occurred (see Leflar, Conflict of Laws, § 65; 2 Beale, Conflict of Laws, § 412.2; Goodrich, Conflict of Laws [3d ed.], § 91, p. 254; 2 Rabel, Conflict of Laws: A Comparative Study [2d ed.], ch. 25, pp. 276-277). This has been particularly true in the area of wrongful death actions. Such actions did not exist at common law; they are creatures of statute (see Debevoise v. New York, L. E. & W. R. R. Co., 98 N. Y. 377). Therefore, as we said on another occasion, “Bight and remedy coalesced ” and are *394 “ united ” (Matter of Berkowitz v. Arbib & Houlberg, 230 N. Y. 261, 272).
In New York, the prejudgment interest in a wrongful death action is “part of the damages” (Cleghorn v. Ocean Acc. & Guar. Corp., 244 N. Y. 166, 167), the addition of which is governed by recourse to the usual conflicts of law rules, which we have consistently applied by not adding interest to the judgment unless lex loci delictus authorizes such an addition (Murmann v. New York, N. H. & H. R. R. Co., 258 N. Y. 447; Monkwall v. Turbine Eng. Corp., 276 App. Div. 866, affd. 301 N. Y. 521; Colliton v. United Shipyards, 256 App. Div. 923, affd. 281 N. Y. 582; Wyman v. Pan American Airways, 181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878; Frounfelker v. Delaware, L. & W. R. R. Co., 73 App. Div. 350; Kiefer v. Grand Trunk Ry. Co., 12 App. Div. 28, affd. on opinion below 153 N. Y. 688). The Federal courts, operating under the doctrine of Klaxon Co. v. Stentor Elec. Mfg. Co. (313 U. S. 487), have followed suit (Frasier v. Public Serv. Interstate Transp. Co., 254 F. 2d 132 [2d Cir.]; Maynard v. Eastern Air Lines, 178 F. 2d 139 [2d Cir.]; St. Clair v. Eastern Air Lines, 194 F. Supp. 623; [post-Kilberg]).
Whether we now refuse to apply our prejudgment interest statute because, as we said in the Murmann case, ‘ ‘ The Legislature had no intention to make it reach so far ” (258 N. Y. 447, 450, supra) or whether we refuse to do so because our statutory provision authorizing the addition of such interest, like the provision creating the cause of action for wrongful death, “ constitute [s] a part of the substantive law of the State ” (Kiefer v. Grand Trunk Ry. Co., 12 App. Div. 28, 32, supra, affd. on opinion below 153 N. Y. 688), the meaning and effect are the same.
Plaintiffs contend, however, that Kilberg has changed all this. We there indicated that the courts of this State were free to award damages in excess of the amount limited by a foreign death statute under which the action was brought since “New York’s public policy prohibiting the imposition of limits on such damages is strong, clear and old. * * * (N. Y. Const., art. I, § 16; N. Y. Const. [1894], art. I, § 18) ” (9 N Y 2d 34, 39, supra). Recognizing ‘ ‘ The absurdity and injustice ’ ’ (id., p. 40) *395 of such limitations, we announced that we would no longer recognize them.
Plaintiffs point to language in the Kilberg opinion to the effect that “It is open to us * * * to treat the measure ? of damages in this case as being a procedural or remedial question controlled by our own State policies ” (9 N Y 2d 34, 41-42, supra). Concededly, there is other such language to be found in the opinion. In Kilberg the court was confronted with a question of State public policy requiring decision. Kilberg and Wooden v. Western N. Y. & Pa. R. R. Co. (126 N. Y. 10), which we followed in Kilberg, must be held merely to express this State’s strong policy with respect to limitations in wrongful death actions. It is of particular significance that (as was pointed out in Loucks v. Standard Oil Co., 224 N. Y. 99,109) the Kiefer case came to us after the decision in Wooden (as did the other interest cases) and, by affirming on the opinion in the Appellate Division, “ we held that interest had relation to the substance of the right, and must be governed by the foreign statute ” (224 N. Y. 99,109, supra).
Consistent with the authorities is the very practical consideration that, if we hold the award of prejudgment interest to be procedural rather than substantive, a New York resident who is compelled to resort to the courts of another State to enforce an action for wrongful death occurring in this State will not be entitled to prejudgment interest, since other States either have no statutory authorization for prejudgment interest (and there are a number of those) or else characterize it as substantive and therefore not applicable to foreign causes of action. We therefore hold, as we did in Murmann v. New York, N. H. & H. R. R. Co. (258 N. Y. 447, 450, supra), that section 132 of the Decedent Estate Law must be read with sections 130 and 131, and cannot be severed therefrom.
The judgment appealed from should be affirmed, with costs.