John A. Mullen, J.
Plaintiff moves for summary judgment. The action is based on a comprehensive general liability policy. It appears therefrom that it covers a complex of buildings constituting the Cross County Shopping Center, and that the landlord has relinquished possession. Listed among others are 15 buildings put to mercantile use. Cimbel Brothers, Inc», is a tenant. At some time not stated, an arbitration proceeding was initiated by Cimbel Brothers, Inc. By reason of a break in a water main, water damage was sustained on February 10,1958. That claim was added to the arbitration which reached award on May 15, 1959. The award was confirmed by order of this court of June 28,1961. It was affirmed in the Appellate Division and in the Court of Appeals (Matter of Cross Props. [Gimbel Bros.], 15 A D 2d 913, affd. 12 N Y 2d 806). Notice, though untimely, as urged by the defendant, was given to it and it refused to defend and participate, reserving its rights. By letter of October 28, 1962, defendant denied liability upon the ground that the damage was not caused by accident and, *823 consequently, no coverage is afforded and the amount of the obligation to G-imbel Brothers, Inc., was not finally determined by judgment after actual trial but rather was the result of award rendered against the plaintiff in an arbitration proceeding in which the defendant did not participate. All other grounds for denial of liability were thus waived.
Accident is urged by plaintiff and disputed by defendant. The policy insured against legal liability to pay water damage caused by accident. Plaintiff urges that the break of a water main buried five to eight feet below surface was unforeseen and an unexpected occurrence. Accident has been defined as an occurrence undesigned, unintentional, unforeseen, or unpremeditated and as an event from an unknown cause, or an unexpected event from a known cause.
At the time of the instant occurrence, the main had been in position for a period of about two years. Although an act is attributed solely to negligence, yet it may be an accident. In Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of N. Y. (280 App. Div. 665) the defendant disclaimed liability upon the ground that the occurrence was due to faulty workmanship on the part of the plaintiff and was not caused by accident and that the damaged property was under the care, custody, and control of the plaintiff. In holding accident and affirming liability, the Appellate Division stated (p. 667): “ While undoubtedly the intentional infliction of injury cannot be regarded as an accident and conduct may be so heedless as to be equated to the willful, we cannot take seriously the suggestion that plaintiff’s conduct here was more than negligent. Defendant does not go so far as to suggest that negligence on the part of plaintiff absolves the defendant of liability or that the term accident ’ should be so narrowly construed as to rule out an occurrence caused by negligence. Indeed, negligence would be the predicate of any likely liability insured against and defendant concedes that in construing a contract of this kind words should not be given a technical meaning but should be taken as they would be understood by an average man. We have no doubt that the average man would consider the occurrence in question as an ‘ accident ’ in the common conception of that word.” Defendant urges that from its investigation it appears that there had been prior similar occurrence. The predicate of these circumstances is no more than mere negligence and cannot be equated with intended or expected result.
The policy contained the following provision: ‘ ‘ Action against Company. No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully com *824 plied with all the terms of this policy, nor until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. ’ ’ Disposition of the issue arising thereunder is essential for the action is not maintainable if it is determined favorably to the defendant. It urges that liability has not been determined by the award under the terms of the policy and thus a condition precedent to suit and liability has not occurred. In addition to the amount of the judgment entered on the award as affirmed plaintiff seeks recovery of the cost of defense. The only authority on the point argued by the parties is Madawick Contr. Co. v. Travelers Ins. Co. (307 N. Y. 111). There, the court stated (pp. 118-119):
“ The object of this policy was to indemnify the subcontractor and the contractor against liability resulting from the operations of the subcontractor. Having incorporated the relevant portion of the subcontract in its insurance policy, and having indemnified the subcontractor against its liability thereunder, the insurance carrier must be deemed to have implemented this clause in its context as part of the entire subcontract, inasmuch as protection of the subcontractor against its liability to indemnify the general contractor meant protecting it under this clause however the clause might be affected by the terms and provisions of the agreement as a whole. The insurance company cannot escape liability under such circumstances by claiming that it was ignorant of some other part of the contract which conditioned the meaning or operation of the indemnity clause. Each portion of an agreement is qualified by other portions that are relevant thereto, and has no separate existence apart from them. * * * when an insurance company contracts to indemnify under such circumstances as to protect the insured against a particular liability imposed upon it by a construction contract, the insurer should be construed to have promised to do so in accordance with the requirements, terms and conditions of the agreement.
u * * * Here, by issuing an insurance policy to implement a construction contract which shows on its face that liability under the policy may result only through an award in arbitration proceedings, unless the adverse party elects to waive arbitration, the carrier is deemed to have meant the word ‘ trial ’ as used in this policy to include arbitration proceedings, and to have intended that 1 judgment ’ shall include such judgments as are entered upon confirmation of arbitration awards pursuant to section 1464 of the Civil Practice Act, *825 which by section 1466 are given the same force and effect after entry as a ‘ judgment in an action The policy indicates that for its purposes such a judgment is intended to express a ‘ liability imposed by law ’ in fulfillment of the conditions of paragraph 11. Otherwise the insurance coverage would be illusory. * * * ‘ All words, ’ says Lord Bacon, ‘ whether they be in deeds, or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the matter and the person.’ (Bacon’s Law Maxims, reg. 10.) This was quoted in an opinion per Collin, J., in People ex rel. New York Central & H. R. R. R. Co. v. Walsh (211 N. Y. 90, 100), to which was added: ‘ The ascertainment of the substantial intent of the parties is the fundamental rule in the construction of all agreements. ’ ’ ’ (Emphasis added.)
Insurances covering landlords’ comprehensive liabilities would be entirely illusory if by reason of the quoted clause coverage could be withdrawn and liability denied. While in the cited case the Court of Appeals did not pass directly upon the legal effect of the existence of the clause requiring compulsory arbitration, yet it appears to the court that it is the spirit and meaning of the language of the opinion in that ease that in the circumstances here the result should accord with the result there reached. The defendant had its opportunity to meet the issue in the arbitration proceeding and failed and refused to do so.
The motion is granted directing an assessment as to the expense of the defense through final judgment and through judgment here.