Myron M. Hunt et al., Doing Business as Mymar Associates-Georgia, Respondents, v Bankers and Shippers Insurance Company of New York, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: This is an action to recover damages on two performance bonds issued by defendant in connection with two construction contracts entered into between plaintiffs, as owners, and Ferguson and Johnson, Inc., as general contractors, for the construction of separate

Ponderosa Restaurants in the State of Georgia. The performance bonds provided that the obligation of defendant as surety was conditioned upon plaintiffs' performance of their obligations under the construction contracts. Plaintiffs allege that the general contractor defaulted in the performance of the contracts and the defendant contends, in response to a motion for summary judgment that it has been relieved of liability because plaintiffs failed to perform their obligations under the same contracts. Additionally, it is argued that plaintiffs altered the terms of the construction agreements without the concurrence of the defendant. Plaintiffs also assert separate causes of action with respect to each project under a certain letter of agreement, dated July 6, 1973, wherein defendant agreed to complete the construction projects following the general contractor's alleged default. In opposing plaintiffs' motion for summary judgment on these causes of action, the defendant asserts, *inter alia,* that the letter of agreement was executed at a time when the defendant was unaware of plaintiffs' alleged breach of the construction contracts and the alterations thereof by the plaintiffs. The defendant also argues that the plaintiffs failed to comply with their obligations under the letter of agreement. Special Term granted summary judgment to plaintiffs on the issue of liability on all four causes of action and ordered an immediate trial on the issue of damages. We reverse. Summary judgment is a drastic remedy which should only be granted where it clearly appears that no triable issue of fact is presented *(Zibbon v Town of Cheektowaga,* 51 AD2d 448, 450). It should be denied "where there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact" *(Phillips v Kantor & Co.,* 31 NY2d 307, 311). The court's role in deciding such a motion is one of "issue-finding, rather than issue-determination" *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). The defendant contends that plaintiffs failed to designate an architect for the jobs; failed to keep defendant informed of the status of the construction projects; and failed to procure prior approval of the defendant as to extensions of the contractor's time for completion of the jobs. We reject those arguments as being without merit. In executing the agreement letter of July 6, 1973, the defendant waived any claim it may have had with respect to the absence of an architect on the job sites. Even assuming that it was unaware that an architect had not been named, an inconceivable conclusion on this record, it had a duty to make reasonable inquiry before agreeing to complete the construction (see 57 NY Jur, Suretyship and Guaranty, § 94 and cases cited therein; see, also, *McMullan v Community Acceptance Corp.,* 78 Ga App 616). With respect to defendant's other enumerated claims, we merely note that plaintiffs had no obligation under the contracts or bonds to keep the defendant aware of the progress of construction, and the bonds specifically provided that the defendant waived notice of any extension of time made by the plaintiffs. A triable issue of fact does arise, however, on defendant's claim that the plaintiffs failed to make timely progress payments to the contractor. The record indicates that the contractor complained of late payments and the letter of agreement obligated plaintiffs to furnish defendant with "a breakdown of monies advanced to date and the balance remaining to be advanced pursuant to the contracts". The defendant contends that despite its repeated requests, such information was not received until after this action was instituted. While the parties contest whether New York law or Georgia law should be applied to a resolution of their dispute, we find that no conflict of law exists. The rule of *strictissimi juris* is not rigidly to be applied in the case of a compensated surety on a construction contract under either New York law *(St. John's Coll., Fordham*

*v Aetna Ind. Co.,* 201 NY 335, 341-342; *American Bonding Co. of Baltimore v Kelly,* 172 App Div 437, affd 225 NY 641; 9 NY Jur, Contractor's Bonds, § 7; 57 NY Jur, Suretyship and Guaranty, § 104; see, also, *Assets Realization Co. v Roth,* 226 NY 370) or Georgia law *(United States v Algernon Blair, Inc.,* 329 F Supp 1360; *Travelers Ind. Co. v Sasser & Co.,* 138 Ga App 361; *Peachtree Roxboro Corp. v United States Cas. Co.,* 101 Ga App 340). The record reveals no alteration of the underlying construction contracts as would require the application of the rule, thus to relieve the defendant of its obligations as surety (see *Becker v Faber,* 280 NY 146). That there was no agreement between plaintiffs and the general contractor to alter the payment schedule is adequately demonstrated, for the purposes of this motion, by the contractor's forceful letter to the plaintiffs demanding prompt payment. Admittedly, the surety's liability is conditioned upon plaintiffs having performed their obligations under the construction contracts. As a compensated surety, however, that liability, in accordance with the ordinary canons of contract construction, is predicated upon substantial performance by the plaintiffs rather than that of strict construction of the contract (see *Village of Newark v Leary Constr. Co.,* 118 Misc 622; 9 NY Jur, Contractor's Bonds, § 7; 57 NY Jur, Suretyship and Guaranty, § 104). A surety bond attaches to the principal contract and must be construed in conjunction therewith *(Madawick Contr. Co. v Travelers Ins. Co.,* 307 NY 111, 118). "The rule of strict construction is liable at times to work a practical injustice and it ought not to be extended beyond the reason for the rule, particularly when the surety is engaged in the business of becoming surety for pay and presumably for profit" *(St. John's Coll., Fordham v Aetna Ind. Co.,* 201 NY 335, 342, *supra).* There is, therefore, a triable issue as to whether defendant's interests were adversely affected by any failure of the plaintiffs substantially to perform their obligations under the construction contracts and the bonds *(St. John's Coll., Fordham v Aetna Ind. Co., supra; Village of Canton v Globe Ind. Co.,* 201 App Div 820; *American Bonding Co. v Kelley, supra;* see, also, *Schooley Enterprises v Paso Contr. Corp.,* 33 AD2d 981; compare *Hall & Co. v Continental Cas. Co.,* 34 AD2d 1028, affd 30 NY2d 517). There is also, of course, an issue as to whether plaintiffs complied with the terms of the letter of agreement. We note that Special Term ordered that judgment be granted on all four causes of action. While plaintiffs may plead and prove causes of action on the performance bonds as well as on the agreement letter, they must thereafter and before the entry of final judgment, make a selection *(Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Dillon and Denman, JJ.