■ MYRON M. HUNT et al., Doing Business as MYMAR ASSOCIATES-GEORGIA, Respondents-Appellants, v BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, Appellant-Respondent.—Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: This is an action to recover damages on two performance bonds issued by defendant in connection with two construction contracts entered into between plaintiffs, as owners, and Ferguson and Johnson, Inc., as general contractors, for the construction of separate Ponderosa Restaurants in the State of Georgia. Plaintiffs also asserted causes of action with respect to each project under a certain letter of agreement, dated July 6, 1973, wherein defendant agreed to complete the construction projects following the general contractor's default. On a prior appeal from a grant of summary judgment to plaintiffs on the issue of liability, we reversed and held that there was "a triable issue as to whether defendant's interests were adversely affected by any failure of the plaintiffs substantially to perform their obligations under the construction contracts and the bonds" *(Hunt v Bankers & Shippers Ins. Co. of N. Y.,* 60 AD2d 781, 783). We also held that there was a triable issue "as to whether plaintiffs complied with the terms of the letter of agreement" *(Hunt, supra,* p 783). At trial those issues were resolved against defendant and defendant appeals from the entry of judgment on plaintiffs' causes of action on the performance bonds. The underlying contracts called for the construction in the State of Georgia of two Ponderosa Restaurants, known, respectively, as the Stewart and Arrowhead projects. Each contract was in the sum of $130,000 and defendant issued performance bonds on each project in that amount. Judgment was entered against defendant on the Stewart project in the sum of $133,000 and on the Arrowhead project in the sum of $67,000. Initially, we note that the judgment entered on the Stewart project exceeds the amount of defendant's performance bond by $3,000. Since the amount recoverable from a surety shall not exceed the amount specified in the undertaking (General Obligations Law, § 7-301; *United States Fid. & Guar. Co. v Koehler,* 36 Ga App 396, 414-415), the judgment must be reduced accordingly. Defendant's claim that the judgment should be further reduced by $22,500 must be rejected, however, because the record fails to demonstrate the source of those funds.

Defendant also argues that it should not have been held in damages for plaintiffs' loss on the sale of these restaurants to a third party. Plaintiffs were forced to reduce the sale price because of the failure of defendant to complete the construction. Ordinarily the only obligation of a surety on a performance bond is to complete the building (*Juell v New Amsterdam Cas. Co.,* 223 App Div 612). It has been held, however, that the primary obligation under a performance bond is the surety's promise to be bound to the owner unless the contractor has faithfully performed, and where the surety fails to perform, it is liable for loss of use of the premises (*Miracle Mile Shopping Center v National Union Ind. Co.,* 299 F2d 780). Had defendant performed its obligation, it would not have been liable for damages beyond its duty to complete or pay for the completion of the construction. Since it did not perform, however, defendant is liable for those damages which flow reasonably and naturally (*Chapman v Fargo,* 223 NY 32, 38; *Motif Constr. Corp. v Buffalo Sav. Bank,* 50 AD2d 718, 719, app dsmd 38 NY2d 894) from the contractor's breach, as well as its own (*Miracle Mile Shopping Center v National Union Ind. Co., supra*). Since defendant was aware that the restaurants were being constructed for use by Ponderosa Systems, Inc., the damages which would have flowed naturally from defendant's breach would have been loss of rents. It having been established that loss of rents would have exceeded the loss suffered as a result of the forced reduction of the sale price of the restaurants, plaintiffs were entitled to damages as thus mitigated (cf. *Wilmot v State of New York,* 32 NY2d 164). We have reviewed the other issues raised by defendant and we find them to be without merit. Plaintiffs cross appeal from the trial court's denial of its application for award of prejudgment interest. In our view, the court erroneously applied Georgia law to a dispute between two corporations doing business in New York on an issue in which this State has expressed a strong public policy (see CPLR 5001; General Obligations Law, § 7-301; *Kilberg v Northeast Airlines,* 9 NY2d 34, 41-42). The State of Georgia has little or no concern about whether such interest is awarded but the New York view is that such an award is essential if the plaintiffs are to be made whole (cf. *Prager v New Jersey Fid. & Plate Glass Ins. Co.,* 245 NY 1, 5-8). On this record it appears reasonable that interest from August 1, 1974 should be added to the judgment. (Appeals from judgment of Erie Supreme Court—performance bonds.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.