■ CLYDE-SAVANNAH CENTRAL SCHOOL DISTRICT, Plaintiff, v NAETZKER, THORSELL & DOVE et al., Defendants. KOSOFF-PALOMBI AND ASSOCIATES, INC., Third-Party Plaintiff-Appellant; LEWIS-MOONEY COMPANY, INC., Third-Party Defendant, and INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant-Respondent.—Order and judgment unanimously reversed, with

costs, and motion denied. Memorandum: In February, 1978 plaintiff commenced this action against Kosoff-Palombi and Associates, Inc. (Kosoff-Palombi) and others, seeking damages arising from allegedly defective construction of roofs on three construction projects on which Kosoff-Palombi was the general contractor. Kosoff-Palombi brought a third-party action against the roofing subcontractor, Lewis-Mooney Company, Inc. (subcontractor) and against Insurance Company of North America (INA), the surety on the subcontractor's performance bond. The performance bond contained a provision that a "suit under this bond must be instituted before the expiration of two years from date on which final payment under the subcontract falls due". The subcontract included a provision that final payment of 10% of the amount of the subcontract was to be "retained by the Contractor [Kosoff-Palombi] to insure the Subcontractor's full and complete performance" and was to be paid to the subcontractor "no later than thirty (30) days after such full and complete performance and the acceptance thereof by the Owner and/or Architect". According to Kosoff-Palombi, the three construction projects were completed before December, 1974. It appears that more than 90% of the amount of the subcontract was timely paid by Kosoff-Palombi to the subcontractor. On September 24, 1975 Kosoff-Palombi forwarded a check to the subcontractor in the sum of $9,303.94, representing the balance of the retainage withheld by Kosoff-Palombi pursuant to the subcontract. Kosoff-Palombi also sent a letter to the subcontractor on the same date which stated that the check represents "our final commitment on the subject project". On the following day the subcontractor duly executed and forwarded to Kosoff-Palombi its final waiver of lien. On these facts, INA moved for summary judgment under CPLR 3211 dismissing Kosoff-Palombi's third-party complaint on the ground that any claim against it was barred by the two-year limitation contained in the performance bond. Special Term granted the motion and judgment was entered dismissing the third-party complaint against INA. The rights of parties to written contracts "should be determined by the plain meaning of the language used, if possible" (Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co., 49 AD2d 60, 63, affd 40 NY2d 883; see Benderson Dev. Co. v Schwab Bros. Trucking, 64 AD2d 447, 456). Performance bonds are governed by the usual rules of construction of adhesion contracts, and contractual time limitations contained therein are to be strictly construed against the surety (Comey v United Sur. Co., 217 NY 268.) Here the burden was upon INA to demonstrate in support of its motion that the action of Kosoff-Palombi was time barred (see CPLR 201; 3211, subd [a], par 7). Reading the performance bond and the subcontract together, as we must (Madawick Contr. Co. v Travelers Ins. Co., 307 NY 111, 118; Hunt v Bankers & Shippers Ins. Co. of N. Y., 60 AD2d 781), it is clear that the final payment was not due on the subcontract until acceptance of the subcontractor's work by the owner and/or the architect. Although final payment was in fact made to the subcontractor, that demonstrates only that Kosoff-Palombi was satisfied that the subcontractor's performance was full and complete. It does not, however, satisfy the contractual requirement of "acceptance" of the subcontractor's work "by the Owner and/or Architect". Indeed, INA failed to allege or otherwise demonstrate on the motion that such acceptance was ever made. Absent such a showing, it was not entitled to summary judgment. (Appeal from order and judgment of Wayne Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.