*940 OPINION OF THE COURT
Memorandum.
We are constrained to affirm the order of the Appellate Division, with costs.
It is appellant’s contention that no consequential damages should have been awarded. In returning substantial verdicts for plaintiff it may be that the jury considered legally impermissible elements of such damages when it determined the total amount of damages. In the procedural posture in which the case reaches us it is impossible to determine whether the jury did in fact consider any such elements, and in any event we may not look behind the verdicts of the triers of the facts. The jury returned lump sum general verdicts only on the four causes of action alleged in the complaint; no request was made for special verdicts or answers to written interrogatories (CPLR 4111). Accordingly, any analysis of the arithmetic computations on which the lump sum figures may have been based can be speculative only, however reasonably plausible such analysis may be made to appear. That, however, is a process in which we may not indulge.
Our appellate jurisdiction is ordinarily limited to consideration of issues of law; we have no authority in this instance to review questions of fact. Appellant has failed to preserve for our review the law issues which it asserts underlie the factual determinations of which it now complains. The instructions given the jury in this somewhat complicated commercial case are not a model of either clarity or completeness. However, other than restating requests to charge that had previously been submitted to the court (which requests themselves were erroneous in significant detail), defendant took no sufficient exception to the charge as given and did not otherwise assist the Trial Judge in clarifying or distilling the legal issues as to which it now seeks our review. In consequence of its failure to address the charge with particularity, appellant has failed to preserve legal issues which we may consider.
We have examined appellant’s other contentions with respect to evidentiary rulings by the trial court and find no reversible error. Nor was it error in the circumstances of this case to apply the New York rule of law which allows prejudgment interest.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
*941 Order affirmed, with costs, in a memorandum.