**ENTRON, INC., Plaintiff,**

v.

**AFFILIATED FM INSURANCE COMPANY, Defendant.**

**No. 79 Civ. 840.**

United States District Court, E.D. New York.

Jan. 24, 1984.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff.

Podvey, Sachs & Catenacci, P.C., Newark, N.J., for defendant.

MEMORANDUM AND ORDER

GLASSER, District Judge.

Plaintiff has moved for an award of prejudgment interest, following a jury verdict in its favor in a suit for breach of an insurance contract. For the reasons which follow, plaintiff's motion is granted.

As a preliminary matter, this Court is confronted with the question of whether the law of New York—the forum state—or the law of New Jersey—which governed

the determination of liability—is applicable to the issue of prejudgment interest. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), teaches that a federal court sitting in a diversity case is bound to apply the substantive law of the forum state, including its choice-of-law rules. Applying this teaching to the issue of prejudgment interest, defendant contends that this court is bound to apply the law of New Jersey, since prejudgment interest is substantive and New York would look to the law of New Jersey on that issue. In support of this contention, defendant cites *Royce Chemical Co. v. Sharples Corp.,* 285 F.2d 183 (2d Cir.1960), a diversity case in which the Second Circuit, applying New York choice of law principles, found New Jersey's law on prejudgment interest to be controlling where New Jersey had the most significant contacts with the action. *See also Patch v. Stanley Works (Stanley Chemical Company Division),* 448 F.2d 483, 494 n. 18 (2d Cir.1971) (commenting that under New York choice of law principles, the allowance of prejudgment interest is controlled by the rule of the jurisdiction whose law determines liability); *Davenport v. Webb,* 11 N.Y.2d 392, 230 N.Y.S.2d 17, 183 N.E.2d 902 (1962) (refusing to apply New York's prejudgment interest rule in wrongful death action governed by Maryland law).

Plaintiff argues in favor of the application of the law of New York, which has evinced a strong public policy in favor of prejudgment interest as reflected in § 5001 of the Civil Practice Law and Rules. This argument, I suppose, is bottomed upon the principle that should New Jersey law deny prejudgment interest, New York would not follow it as being offensive to our clearly expressed public policy. *See Kilberg v. Northeast Airlines,* 9 N.Y.2d 34, 211 N.Y. S.2d 133, 172 N.E.2d 526 (1961) (declining to apply Massachusetts limitation in wrongful death suit because of strong New York policy to the contrary); *Loucks v. Standard Oil Co.,* 224 N.Y. 99, 120 N.E. 198 (1918). As to *Royce* and *Patch, supra,* plaintiff contends that more recent develop-

ments in New York's choice of law jurisprudence renders these opinions inapposite.

The plaintiff places considerable emphasis upon *Hunt v. Bankers and Shippers Insurance Company of New York,* 73 A.D.2d 797, 423 N.Y.S.2d 718 (4th Dept. 1979), *aff'd mem,* 50 N.Y.2d 938, 431 N.Y. S.2d 454, 409 N.E.2d 928 (1980), in which New York law was applied to the question of prejudgment interest. I find that case to be clearly distinguishable from this. There, New York property owners sued a New York insurance company to recover on performance bonds covering construction of restaurants in Georgia. The court's application of New York's rule on prejudgment interest was predicated on its finding that "the [lower] court erroneously applied Georgia law to a dispute between two New York corporations, doing business in New York, on an issue in which this state has expressed a strong public policy .... The State of Georgia has little or no concern about whether such interest is awarded but the New York view is that such an award is essential if the plaintiffs are to be made whole ...." *Id.* 423 N.Y.S.2d at 721.

■ For the reasons that follow, I decide that a New York court would apply New Jersey law to the prejudgment interest issue. I find that *Hunt* is not controlling here, since nowhere in the *Hunt* opinion did the court suggest that Georgia law governed the liability issue. The repeated citations to New York law suggested that the liability issue was also adjudicated under the law of the forum. Since the parties were New York corporations, surely New York was the place with the most significant contacts and the state to which the parties were most intimately connected. Finding that Hunt is neither applicable nor even relevant and that *Royce, Patch* and *Webb, supra,* are, I conclude that the law of New Jersey should be applied to the determination of the prejudgment interest issue.

Review of the applicable case law in New Jersey reveals that in determining whether to award prejudgment interest, a distinc-

tion has been drawn there between liquidated and unliquidated claims for damages. While prejudgment interest has been awarded in cases where damages are liquidated or easily ascertainable and the equities support such an award, the award of such interest has been deemed inappropriate in unliquidated damages suits. *See, e.g., Deerhurst Estates v. Meadow Homes, Inc.*, 64 N.J.Super. 134, 153, 165 A.2d 543, 554 (App.Div.1960), *certif. denied*, 34 N.J. 66, 167 A.2d 55 (1961); *Jardine Estates v. Donna Brook Corp.*, 42 N.J.Super. 332, 341, 126 A.2d 372, 377 (App.Div.1956). In this case, involving a claim for insurance proceeds, continued recognition of that distinction would preclude recovery of prejudgment interest, since, a consideration of the equities aside, damages were not readily ascertainable. Recent indications in New Jersey case law, however, suggest that neither the rule nor its underlying rationale is deemed to be engraved in stone and would no longer be woodenly applied.

In *Bak-A-Lum Corp. of America v. Alcoa Building Products*, 69 N.J. 123, 351 A.2d 349 (1976) prejudgment interest was sought both by plaintiff in its suit for breach of an exclusive distributorship and by the defendant in its counterclaim to recover withheld payments. As to defendant's counterclaim, the New Jersey Supreme Court overruled the lower court's award of prejudgment interest because the equities precluded allowance of such interest notwithstanding that the claim was liquidated. 69 N.J. at 131, 351 A.2d at 353. Plaintiff was awarded prejudgment interest on its claim, however, even though its damages were not readily ascertainable. *See id.*

Although the Court in *Bak-A-Lum* provided no rationale for its award of prejudgment interest to the plaintiff or even indicated a recognition that it was departing from prior New Jersey case law in granting such interest, the holding was subsequently relied on in *W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 569 F.Supp. 589 (D.N.J.1983), to support the addition of prejudgment interest to an award of unliquidated damages. The United States District Court of New Jersey, applying New Jersey law, found the facts in *Bak-A-Lum* to be substantially similar to the case before it, in which defendant had been found to have wrongfully terminated a contract to do excavation work. Particularly in light of "[t]he jury's determination that defendant's conduct in this case merited two awards against it of punitive damages," *id.* at 594, the court found an award of prejudgment interest to be appropriate. Other courts have similarly expanded the role of equitable considerations to apply to claims for prejudgment interest in unliquidated damages cases. *See Buono Sales Inc. v. Chrysler Motors Corporation*, 449 F.2d 715, 723 (3rd Cir.1971) (denying prejudgment interest in unliquidated damages claim but suggesting exception to rule where "considerations of justice and fair dealing clearly demand a different result"); *Hankin v. Board of Educ. of Hamilton Township*, 47 N.J.Super. 70, 135 A.2d 329, 337 (App.Div.1957) (in claims for prejudgment interest, "[t]he test ... where the amount due is not a liquidated debt but where the defendant's attitude toward payment of the obligation was substantially unwarranted, is to be found in 'considerations of justice and fair dealing,' " *citing Dial Press, Inc. v. Phillips*, 23 N.J.Super. 543, 551, 93 A.2d 195, 199 (App.Div.1952).

Defendant contends that in spite of the language in the above cited opinions, this case is controlled by *Miller v. New Jersey Underwriters*, 188 N.J.Super. 175, 457 A.2d 23 (App.Div.), *certif. denied*, 94 N.J. 508, 468 A.2d 169 (1983). Like the present case, *Miller* involved an unliquidated claim to insurance proceeds where the plaintiff prevailed but was not awarded prejudgment interest. Although it affirmed the denial of prejudgment interest, the appellate court did not agree with the lower court's reliance on the traditional distinction between liquidated and unliquidated claims. Rather, the court simply pointed to R. 4:42–11(b) of the Rules Governing the Courts of New Jersey, which provides for prejudgment interest awards in tort claims only. *Id.*, 457 A.2d at 32.

*Miller* is analogous to the case before me only in the sense that it is a claim against an insurance company and for no other reason. I decline to follow it because I find it unpersuasive on the interest issue. *Miller's* rejection of the traditional distinction between liquidated and unliquidated claims appears to be consistent with the recent trend discussed above, but I find its interpretation of R. 4:42–11(b) to be unduly mechanical in light of *Busik v. Levine,* 63 N.J. 351, 307 A.2d 571 (1973). There the New Jersey Supreme Court sustained the validity of R. 4:42–11(b) which was claimed to be unconstitutional for reasons which need not be recounted here. In the course of an instructive and exquisitely reasoned opinion, Chief Justice Weintraub summarized prior New Jersey case law on prejudgment interest, not only as to tort claims, but as to contract claims as well:

> With respect to prejudgment interest, our courts of law assessed interest, if the demand was liquidated ... on the assumption that the creditor could have earned such interest if his obligor had paid him what was due ... but declined to allow interest on claims that were unliquidated. The justice of that limitation has been questioned ....

*Id.* 307 A.2d at 574.

The doctrinal underpinnings for the rule were addressed as well, and the court seized the opportunity to criticize the existing case law:

> Interest is not punitive ...; here it is compensatory, to indemnify the claimant for the loss of what the moneys due him would presumably have earned if payment had not been delayed. We mentioned earlier the judge-made limitation that interest should not be allowed if the claim was unliquidated. That limitation apparently rested upon the view that a defendant should not be deemed in default when the amount of his liability has not been adjudged. But interest is payable on a liquidated claim when liability itself is denied, even in good faith, *Kamens v. Fortugno,* 108 N.J.Super. 544, 552–553, 262 A.2d 11 (Ch.Div.1970). The fact remains that in both situations the defendant has had the use, and the plaintiff has not, of moneys which the judgment finds was the damage plaintiff suffered. This is true whether the contested liability is for a liquidated or an unliquidated sum. For that reason, the concept of a "liquidated" sum has often been strained to find a basis for an award of interest.

*Id.* 307 A.2d at 575.

The court then went on to cite with approval *Funkhouser v. J.B. Preston Co.,* 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243 (1933) in which the Supreme Court observed that "[t]he statutory allowance is for the purpose of securing a more adequate compensation by adding an amount commonly viewed as a reasonable measure of the loss sustained through delay in payment," and that "[i]t has been recognized that a distinction in this respect, simply as between cases of liquidated and unliquidated damages, is not a sound one." *Id.* at 168, 54 S.Ct. at 136; *quoted in Busik, supra,* 307 A.2d at 575.

In light of this critical appraisal of the rule governing prejudgment interest in contract cases, the New Jersey Supreme Court did not read R. 4:42–11(b) as precluding the award of prejudgment interest in non-tort cases, as did the court in *Miller, supra.* On the contrary, the court concluded, in response to an attack upon the Rule because it was limited to tort actions, that "the adoption of the rule does not foreclose holders of other unliquidated claims from contending the circumstances which attend their scene are so like the circumstances here involved that interest should also be allowed to them." *Id.* 307 A.2d at 583.

■ Chief Justice Weintraub's observations are convincingly applicable to the present case. In tort claims, a prejudgment interest rule was found particularly compelling because "there is a special inducement for delay, since generally the claims are covered by liability insurance, and when payment is delayed, the carrier receives income from a portion of the premiums on hand set aside as a reserve for

pending claims." *Id.* 307 A.2d at 575–76. Clearly, the award of prejudgment interest in this case is, for the same reasons, equally compelling.[1]

Based on the logic of *Busik, supra,* as well as on the cases cited earlier suggesting that the time for a modification in New Jersey law on prejudgment interest has arrived and that the New Jersey courts would today so decide, I conclude that the plaintiff's motion for prejudgment interest should be granted. It is superfluous to add that were New York law to be applied, the result would be substantially the same by virtue of N.Y.C.P.L.R. § 5001.

SO ORDERED.

---

1. Inasmuch as the grant of prejudgment interest is based on analogy to the purposes underlying R. 4:42–11(b), reference should be made to that rule for calculating the interest percentage and determining the time period for which interest should be awarded.