■ EDWARD A. ZACHER et al., Plaintiffs, v OAKDALE ISLANDIA LIMITED PARTNERSHIP, Defendant and Third-Party Plaintiff-Respondent, BUILD, INC., Appellant, et al., Defendants. CONCORD DEVELOPMENT COMPANY, Third-Party Plaintiff-Respondent; FIRST INDEMNITY OF AMERICA INSURANCE COMPANY, Third-Party Defendant-Appellant. [775 NYS2d 155]—

In an action to recover upon a performance bond, the third-party defendant appeals from (1) so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated March 5, 2002, as determined that it was responsible for the payment of arbitration fees and expenses and directed the entry of judgment "in conformity with this order," and (2) so much of a judgment of the same court dated June 7, 2002, as is in favor of the third-party plaintiffs and against it in the sum of $596,935.54, and the defendant Build, Inc., separately appeals from so much of the judgment as is in favor of the defendant third-party plaintiffs and against the third-party defendant.

Ordered that the appeal by the defendant Build, Inc., is dismissed, as that defendant is not aggrieved by the portion of the judgment it appealed from (*see* CPLR 5511); and it is further,

Ordered that the appeal from so much of the order as determined that the third-party defendant was responsible for the payment of arbitration fees and expenses and directed the entry of judgment "in conformity with this order," is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right to direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The history of this litigation has been detailed in prior decisions of this Court (*see Zacher v Oakdale Islandia Ltd. Partnership,* 211 AD2d 712 [1995]; *Zacher v Oakdale Islandia Ltd. Partnership,* 271 AD2d 441 [2000]). Contrary to the contention of the third-party defendant First Indemnity of America Insurance Company (hereinafter FIA), it cannot escape liability for the arbitration award. FIA, as surety, was permitted to raise defenses arising under the terms of its performance bonds which were outside of the scope and content of the arbitration award (*see Zacher v Oakdale Islandia Ltd. Partnership, supra* at 715). However, FIA failed to produce any evidence that, upon the principal's default on the underlying contract (which was the subject of the arbitration between the defendants Oakdale Islandia Limited Partnership and Build, Inc.), it performed any of the obligations under the performance bonds that would have triggered a limitation on its liability with respect to the cost of completion of the contract and the extent to which damages may have exceeded that amount. With respect to FIA's remaining claims regarding its liability for the arbitration award, such claims relate to the scope and content of the award and cannot be relitigated (*see Matter of Fidelity & Deposit Co. of Md. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127, 131-132 [1979]; *Zacher v Oakdale Islandia Ltd. Partnership, supra*).

FIA failed to demonstrate that it should not be held liable for the arbitrator's fees and arbitration expenses, particularly considering the fact that it failed to fulfill its obligations under the performance bonds (*see Hunt v Bankers & Shippers Ins. Co. of N.Y.,* 73 AD2d 797, 798 [1979], *affd* 50 NY2d 938 [1980]). S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.