Jones, J.
In the circumstances of this case we conclude that holders of beneficial shares of interest in this real estate investment trust who desire to challenge investment decisions of the trustees and the payment by them of what are alleged to be excessive management fees must first make a demand on the trustees before commencing what is the equivalent of a shareholders’ derivative action against the trustees individually.
Mony Mortgage Investors was organized as a business trust under the laws of the Commonwealth of Massachusetts to carry on business as a "real estate investment trust” as described in the REIT provisions of the Internal Revenue Code (§§ 856-858; US Code, tit 26, §§ 856-858). Shares of beneficial interest in the investment trust were offered to the public and as of February 29, 1972 there were approximately 12,300 shareholders of record with over 7,800,000 shares outstanding.
The declaration of trust, initially dated February 25, 1970, provides that there shall be no less than 3 and no more than 15 trustees, to be elected by the shareholders, except that a majority of the trustees shall not be affiliated with the manager to be employed for the transaction of the business of the trust. On April 6, 1970 the trustees approved a management contract with the Mutual Life Insurance Company of New York. At the time of the institution of the present action there were 11 trustees, 5 of whom were officers of the insurance company and 6 of whom were unaffiliated. The 11 trustees, the insurance company and the investment trust were all named as defendants.
The gravamen of the complaint, pleaded in conclusory terms only, is that in consequence of the subservience of the trustees to domination by the insurance company they are paying excessive management fees to the insurance company and make investment decisions only if the interest of the insurance company is thereby served, and that the investments so made are unsuitable for the purposes of the investment trust and inconsistent with its stated investment policy. Plaintiff seeks an accounting by defendants to the investment trust for damages sustained by the trust and for profits realized by defendants, together with counsel fees.
Defendants moved to dismiss the complaint, principally on *477 the ground that plaintiff failed, prior to the commencement of the action, to make a demand on either the trustees or the other shareholders. Supreme Court denied the motions on the ground that dismissal would be premature without an opportunity for plaintiff to obtain complete discovery. The Appellate Division reversed and granted the motions to dismiss. We now affirm.
We hold, as did the Appellate Division, that the law of the Commonwealth of Massachusetts governs the disposition of the present motions.
The investment trust is a business trust organized and existing under the laws of Massachusetts. The declaration of trust, with which the shareholders became associated only by voluntary choice on the part of each of them, expressly provides that the law of Massachusetts shall be the applicable law as to the rights of all parties. Thus, prima facie, Massachusetts law is applicable.
Continuing our inquiry we note that this record is barren of proof of a significant association or cluster of significant contacts on the part of the investment trust with the State of New York to support a finding of such "presence” of the investment trust in our State as would, irrespective of other considerations, call for the ápplication of New York law. There is no record proof of where the business of the trust is transacted, where its principal office is located or its records kept, where the trustees meet, what percentage of the investment portfolio relates to real property situate in New York, what proportion of the shareholders reside in New York State or of other facts on which a finding of such "presence” in New York State might be predicated.
We conclude, therefore, in the circumstances of this case that reference must be made to the authorities in the Commonwealth of Massachusetts to determine the rights of the parties in this litigation. In so holding we incidentally note the pragmatic as well as the theoretical advantages which would appear to flow from a conclusion that the rights of all shareholders of this real estate investment trust in comparable situations should be determined on a trust-wide basis rather than in consequence of the litigants’ choice of forum or the assessment by several courts as to which State it is where the investment trust may be said to be present.
In deciding this case as we do, however, we expressly leave open what law we might apply were there proof from which it *478 could properly be found, in consequence of significant contacts with New York State, that this investment trust, although a Massachusetts business trust, was nonetheless so "present” in our State as perhaps to call for the application of New York law. In that sense we reject any automatic application of the so-called "internal affairs” choice-of-law rule, under which the relationship between shareholders and trustees of a business trust by strict analogy to the relationship between shareholders and directors of a business corporation would be governed by the law of the State in which the business entity was formed.
Similarly we do not reach the question of what significance we would accord the explicit agreement of the parties that their rights are to be governed by Massachusetts law, were we disposed, entirely without reference to that provision of the declaration of trust, to apply the law of New York or the law of some State other than Massachusetts.
Turning then to the law of Massachusetts, we conclude, although the issue is not so clear as it might be, that the courts of that Commonwealth would treat the shareholders of a Massachusetts business trust the same as they would the shareholders of a Massachusetts business corporation in enforcing conditions precedent to the institution of a shareholders’ derivative action. There is no question that the shareholders of a Massachusetts corporation are required to make a demand on the corporate directors prior to bringing a derivative action. (Datz v Keller, 347 Mass 766; Bartlett v New York, New Haven & Hartford R. R. Co., 221 Mass 530; cf. Solomont & Sons Trust, v New England Theatres Operating Corp., 326 Mass 99; Matter of Kauffman Mut. Fund Actions, 56 FRD 128, affd 479 F2d 257, cert den, 414 US 857; Pomerantz v Clark, 101 F Supp 341.) We conclude that a parallel rule would be applied by the Massachusetts courts to a business trust. (Cf. Peterson v Hopson, 306 Mass 597 [motion to dismiss an action brought by the beneficiary of a business trust on the ground that the plaintiff was not a beneficiary at the time of the wrong complained of, denied on analogy to the rule that, under Massachusetts law at the time, a shareholder of a Massachusetts corporation could bring a derivative shareholders’ action for a wrong which occurred at a time when he was not a corporate shareholder]; see Bartlett v New York, New Haven & Hartford R. R. Co., supra [requirement of prior demand applicable to unincorporated organizations and benefi *479 ciary corporations]; Matter of Kauffman Mut. Fund Actions, supra; Pomerantz v Clark, supra [rule applied to a mutual life insurance company].) Appellant cites no case, nor have we found any, in which for present purposes a Massachusetts court has distinguished between a business trust and a business corporation and applied a different rule to the former. Nor do we perceive any legal or practical reason for differentiating here between a business trust and a business corporation.[1]
It remains then to consider one other argument advanced by appellant. Under Massachusetts law the failure to make a prior demand on directors or trustees will be excused in certain circumstances. It appears, however, that the grounds for such excuse are much narrower in Massachusetts than they are under the comparable provisions of section 626 of the New York Business Corporation Law (e.g., Barr v Wackman, 36 NY2d 371). Excuse in Massachusetts depends on proof that making a demand on the directors would have been useless, "an idle ceremony”, by particularized factual allegations that a majority of the directors of the corporation (and correspondingly a majority of the trustees of a business trust) were active wrongdoers or under the control of such wrongdoers (Datz v Keller, 347 Mass 766, supra) or that the other directors or trustees knowingly, willfully and fraudulently colluded with the faithless directors or sháred in personal gain as the result of the alleged wrongful transactions (Bartlett v New York, New Haven & Hartford R. R. Co., supra; Brewer v Proprietors of Boston Theatre, 104 Mass 378; cf. Dunphy v Traveller Newspaper Assn., 146 Mass 495).
There is no allegation here that a majority of the trustees were active wrongdoers. To the extent that the complaint may be read to allege that a majority of the trustees were officers *480 or trustees of the insurance company, the proof is to the contrary; in conformity with the mandate of the declaration of trust 6 of the 11 trustees were unaffiliated. To the extent that the complaint alleges by way of conclusion that a majority of the trustees were "under the control and domination of Mony and subservient to its wishes”, there are no supporting allegations of particularized fact. It is asserted only in the affidavits opposing the motion to dismiss that the unaffiliated trustees were "business associates who have profited from relationships with Mony” and officers of companies which "may” have had business dealings with the insurance company. This is but an ultimate description of an alleged relationship, innocuous without more, and moreover is stated only as a possibility. No factual specifications are offered on the basis of which any impropriety may be inferred. "Directors * * * are presumed to be acting, not fraudulently, but with fair discretion in obedience to law, and in good faith toward all concerned, and with a consciousness of duty toward the corporation and all its stockholders.” (Bartlett v New York, New Haven & Hartford R. R. Co., 221 Mass 530, 532, supra ) Nor, from another point of view, is there any allegation that one or more (and certainly not a majority) of the trustees realized any personal gain in consequence of the wrongs charged. As we read the Massachusetts authorities, we conclude that the allegations of this complaint, supplemented by the contents of the affidavits submitted by plaintiff, are insufficient to establish excuse for plaintiff’s failure to have made a prior demand on the trustees.[2] (Cf. Jones v Equitable Life Assur. Soc., USDC, SD, NY, 73 Civ 1701, Feb. 14, 1975.)
We conclude, therefore, that under Massachusetts law a prior demand on the trustees was a prerequisite to the institution of the present action, and that no such demand having been made and there being no such proof as would be recognized by the courts of Massachusetts as excuse for failure to do so, the motions to dismiss the complaint were properly granted.
We note that it is not necessary to the disposition of this case to consider the further contention advanced by respondents that under the law of Massachusetts prior demand on *481 the shareholders is also a condition precedent to the institution of an action such as the present.[3]
The order of the Appellate Division should accordingly be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.

. We note in passing that for certain purposes this declaration of trust analogizes the position of the shareholders of this investment trust to the position of shareholders in a Massachusetts corporation (section 9.4, "Shareholders shall have no greater right than shareholders of a Massachusetts business corporation to require financial or other information from the Trust, Trustees or officers”; section 7.7, "The Shareholders, Trustees, officers, employees and agents shall in no event have any greater duties than those established by this Declaration of Trust or, in cases as to which such duties are not so established, than those of shareholders, directors, officers, employees, and agents of a Massachusetts business corporation in effect from time to time”; section 6.7, "The Shareholders shall be entitled, to the same extent as the shareholders in a Massachusetts business corporation, to determine by vote whether a court action, proceeding or claim should be brought or maintained derivatively or as a class action on behalf of the Trust or its Shareholders.”).

. We see no sufficient predicate on this record to disturb the exercise of discretion at the Appellate Division in its implicit rejection of plaintiffs contention that consideration of the present motion should be deferred pending the completion of further discovery proceedings by plaintiff.

. See in this connection the provisions of section 6.7 of the declaration of trust set out at footnote 1 .