David T. Gibbons J.
Plaintiff, an alleged shareholder of defendant, BT Mortgage Investors, a business trust organized under and by virture of the laws of the Commonwealth of Massachusetts (the Trust), sues, purportedly on behalf of all shareholders of the Trust similarly situated, for an accounting, for damages and for declaratory and injunctive relief, alleging misconduct on the part of the trustees and executive officers of the trust, who allegedly conspired and colluded with the other defendants to the damage of the Trust.
The substance of the respective movants’ combined attack upon the complaint is plaintiff’s failure to comply with the requirement under Massachusetts law that, prior to bringing a derivative action, a shareholder make a demand upon (1) the trustees and upon (2) the shareholders of a business trust for the initiation of an appropriate action.
Before passing upon the respective contentions advanced by the respective parties, it is first to be noted that the declaration of the Trust herein in section 9-1 of article 9 contains the following provision: "This Declaration of Trust is executed by the Trustees and delivered in the Commonwealth of Massachusetts and with reference to the laws thereof and the rights of all parties and the validity, construction and effect of every provision hereof and the adminsitration of the Trust created hereby shall be subject to and construed according to the laws of said Commonwealth.”
In Greenspun v Lindley (36 NY2d 473, 477) the Court of Appeals in affirming a dismissal of a complaint in a derivative action brought by a shareholder of a Massachusetts business trust, containing a similar choice of law provision, held: "The investment trust is a business trust organized and existing under the laws of Massachusetts. The declaration of trust, with which the shareholders became associated only by voluntary choice on the part of each of them, expressly provides that the law of Massachusetts shall be the applicable law as to the rights of all parties. Thus, prima facie, Massachusetts law is applicable.”
*558 In its decision the Greenspun court determined that the prima facie application of Massachusetts law should be adhered to for the reason that (p 477), "this record is barren of proof of a significant association or cluster of significant contacts on the part of the investment trust with the State of New York to support a finding of such 'presence’ of the investment trust in our State as would, irrespective of other considerations, call for the application of New York law”.
Essentially, the thrust of the defendants’ motions for dismissal of the complaint is its deficiency in sufficiently alleging the plaintiff-shareholder’s demand in accordance with Massachusetts law.
Under Massachusetts law, a demand is required to be made upon both the directors and the shareholders of a corporation (and a Massachusetts business trust).
Section 626 of the Business Corporation Law of New York requires that a demand be made only upon the corporate directors (see Barr v Wackman, 36 NY2d 371), and, inasmuch as the court in Greenspun (supra, p 479) held that there was no "legal or practical reason for differentiating here between a business trust and a business corporation”, if applicable, compliance with section 626 of the Business Corporation Law would also be mandated in the case of an action involving a Massachusetts trust.
While, in Greenspun, the record did not factually disclose any significant contacts on the part of the trust to permit serious consideration of the question as to whether the law of New York might supplant that of Massachusetts as the applicable law, there is, in the instant case, evidence of considerable contact of the Trust with the State of New York. All of the trustees are New York residents; a certificate of designation has been filed with the Secretary of State, pursuant to section 18 of the General Associations Law an apparently active (allegedly the principal operating) office of the Trust is located here; and a considerable amount of the Trust’s mortgage investment business involves New York real estate.
In Greenspun, the Court of Appeals specifically left open the question as to what law might be applicable if a Massachusetts business trust were to be found to be "present” in this State.
It is the determination of this court that, notwithstanding the existence of substantial contacts between the Trust and the State of New York, the above-mentioned provisions of the *559 declaration of trust (art 9, § 9.1), which call for the application of Massachusetts law, should prevail. While there is considerable "presence” of the Trust in this State, it also appears that approximately 70% of its investments relate to real estate in States other than New York.
With respect to so much of the opinion of the Court of Appeals in Greenspun (p 478), where it is stated that "we do not reach the question of what significance we would accord the explicit agreement of the parties that their rights are to be governed by Massachusetts law, were we disposed, entirely without reference to that provision of the declaration of trust, to apply the law of New York or the law of some State other than Massachusetts”, under the circumstances presented here, this court makes a nisi prius determination that the Massachusetts law must prevail for the following reasons:
The shareholders of this Trust contracted on the basis of the choice of law provided for in the trust declaration, and having thus made a "voluntary choice” to have the law of Massachusetts applied in relation to this Trust, they have a right to rely upon its terms and to anticipate the protection of their interests under the laws of that State, which, in addition, would also result in uniform protection of all shareholders, irrespective of their residence, a benefit which is described in Greenspun in the following language (p 477): "the pragmatic as well as the theoretical advantages which would appear to flow from a conclusion that the rights of all shareholders of this real estate investment trust in comparable situations should be determined on a trust-wide basis rather than in consequence of the litigants’ choice of forum or the assessment by several courts as to which State it is where the investment trust may be said to be present.”
Whether the law pertaining to a shareholder’s demand is more onerous under Massachusetts law than the more liberal provisions prevailing under the New York statute, is not a legitimate subject for consideration by this court unless the provisions of the law of Massachusetts are so repugnant to fair dealing as to warrant the conclusion that they do violence to the public policy of this State.
Implicit in the Greenspun ruling is the holding that the Massachusetts law is not contrary to our public policy, and, where applicable, as it was in that case, it will be recognized as the governing law.
Having thus determined that the law of the Commonwealth *560 of Massachusetts is applicable to the instant action, the complaint must be viewed in the light of the provisions of that law. The Court of Appeals, in Greenspun (supra), has determined that the requirement that a demand be made upon the directors of a Massachusetts business corporation would apply equally in the case of a derivative action involving a Massachusetts business trust. In that case, it was not necessary for the court to consider the further question of whether a demand need also be made upon the shareholders of such a business trust. This court, however, has considered that question and sees no reason why the analogy between a business corporation and a business trust should not be extended. Since a demand upon stockholders of a business corporation would be a condition precedent to a derivative action (Solomont & Sons Trust v New England Theatres Operating Corp., 326 Mass 99, 248; Carroll v New York, New Haven & Hartford R.R. Co., 141 F Supp 456), so also would such a demand upon the shareholders of a business trust be a prerequisite to a derivative action such as the instant one.
Turning, therefore, to the complaint, even if it were to be determined that the allegations of paragraph 27 thereof constitute a sufficient explanation of plaintiff’s failure to make a demand upon the trustees, the allegations of paragraph 28 do not, in the opinion of the court, constitute a sufficient explanation of his failure to make a demand upon the shareholders. There has been no allegation that a majority of the shareholders is not disinterested (see Solomont & Sons Trust v New England Theatres Operating Corp., supra) or that the majority of the shareholders is in the group of wrongdoers (Datz v Keller, 347 Mass 766; cf. Levitt v Johnson, 334 F2d 815).
Under the circumstances, the complaint is insufficient and is dismissed.