## (December 19, 1978)

■ FAY BENNETT, on Behalf of and for the Benefit of INSTRUMENT SYSTEMS CORPORATION, Respondent, v INSTRUMENT SYSTEMS CORPORATION et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered April 28, 1978, denying appellants' motion for summary judgment, unanimously reversed, on the law, and motion granted, with $75 costs and disbursements of this appeal payable to appellants by respondent. Plaintiff brought this stockholders' derivative action against past and present directors of Instrument Systems Corporation. Defendant Edward J. Garrett is also its chairman of the board and chief executive officer. Defendant Bernard R. Garrett is also its president. In her complaint, plaintiff alleged that, on February 25, 1972, Instrument's board of directors authorized the sale of 80,000 warrants to the Garretts and certain other officers and employees. The warrants permitted the purchase of shares of Buildex Incorporated common stock at $10 per share until March 31, 1982. The price was $3.50 per warrant that was paid by promissory notes. It is

further alleged in the complaint that, on June 3, 1976, the board authorized the rescission of the sale in which the worthless warrants were returned for the promissory notes. The unverified complaint concludes with the following allegations: "11. By reason of the foregoing, defendant Edward J. and Bernard R. Garrett have preferred their self-interest and the interests of their allies and associates in violation of their fiduciary duties to Instrument Systems and its shareholders. Said defendants have failed to exercise honesty, due care, skill and diligence in conducting the affairs of Instrument Systems and have fraudulently and unlawfully converted, and otherwise wasted, its assets for themselves. 12. By reason of the foregoing, the other individual defendants who are directors of Instrument Systems and as such are controlled and dominated by Messrs. Garrett have breached their fiduciary duties to Instrument Systems and its shareholders by participating in, authorizing or approving said rescission and have failed to exercise due care and diligence in discharging their duties and have wasted the assets of Instrument Systems and permitted spoliation and conversion of said assets." Upon their motion for summary judgment, the 10 nonmanagement directors submitted their affidavits averring that they were not and are not under the control of the Garretts. Defendant Buchman, in particular, emphasizes that the Garretts only control a small fraction of the outstanding shares of Instrument and they actually own even a smaller share. The nonmanagement directors also assert that their actions taken with regard to the initial authorization to sell the warrants and the subsequent rescission thereof were the result of honest and independent business judgment and were taken in the best interests of Instrument. Defendant Buchman stressed that the resolution of February 25, 1972 was intended as incentive compensation for the Garretts and the other purchasers. When the value of Buildex's stock declined because of the economic conditions, Buchman further stated that the intended "benefit" to the purchasers turned into a "burden". Hence, it was necessary for the board to rescind the sales lest the morale of the principal officers and employees be impaired. In opposition to the defendants' motion for summary judgment, plaintiff failed to submit any affidavit. Her attorney submits a two paragraph affidavit that merely makes reference to three exhibits. The defendants, in their moving affidavits, made a factual showing of the legality, propriety and fairness of their actions with regard to the original sale and the subsequent rescission of the warrants. Under these circumstances, the plaintiff was required to come forward with some factual showing to indicate that the directors were not following their sound business judgment but were acting in bad faith (Greenbaum v American Metal Climax, 27 AD2d 225, 232). As was mentioned above, neither the plaintiff nor her attorney have come forward with any affidavit to substantiate the charges of waste, fraud and breach of fiduciary duty as alleged in the complaint. Furthermore, the plaintiff made no attempt to controvert the nonmanagement directors' contention that they were not controlled by the Garretts. Absent such a showing, the plaintiff failed to demonstrate that a demand on those directors would have been futile. (Business Corporation Law, § 626, subd [c]; 11 NY Jur, Corporations, §§ 373-375.) Thus, this action must be dismissed on the additional ground that plaintiff failed to make the prerequisite demand upon the board of directors (cf. Greenspun v Lindley, 36 NY2d 473). Concur—Murphy, P. J., Silverman, Fein, Markewich and Sandler, JJ.