17-711-cv
*Hau Yin To v. HSBC Holdings PLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

HAU YIN TO, CHENG HYE CHEAH,

        *Plaintiffs-Appellants,*                     17-711-cv

        *v.*

HSBC HOLDINGS, PLC, HSBC BANK, PLC, HSBC
BANK USA, N.A., HSBC SECURITIES SERVICES
(BERMUDA) LIMITED, HSBC INSTITUTIONAL TRUST
SERVICES (BERMUDA) LIMITED, HSBC BANK
BERMUDA LIMITED, HSBC SECURITIES SERVICES
(LUXEMBOURG) S.A., HSBC PRIVATE BANKING
HOLDINGS (SUISSE) S.A., HSBC PRIVATE BANK
(SUISSE) S.A.,

        *Defendants-Appellees,*

HSBC FUND SERVICES (LUXEMBOURG) S.A.,

        *Defendant.*

---

**FOR PLAINTIFFS-APPELLANTS:**  HUNG G. TA, Hung G. Ta, New York, New York

**FOR DEFENDANTS-APPELLEES:**  THOMAS J. MOLONEY, Cleary Gottlieb Steen & Hamilton LLP, New York, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 2, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Hau Yin To and Cheng Hye Cheah (jointly, "plaintiffs") appeal, pursuant to 28 U.S.C. § 1291, from the final judgment of the District Court dismissing all of their claims. Plaintiffs contend that the District Court erred in holding that it did not have personal jurisdiction over HSBC Bank PLC, HSBC Securities Services (Bermuda) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank Bermuda Limited, and HSBC Securities Services (Luxembourg) S.A. (together, "foreign defendants"); failing to apply New York State's choice of law "interest analysis"; and failing to apply New York law to the legal question of plaintiffs' standing to bring direct claims against HSBC Bank USA, N.A.

This Court reviews rulings of law as to personal jurisdiction, choice of law, and standing *de novo. See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (personal jurisdiction); *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005) (choice of law); *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004) (standing). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

**I.**

Plaintiffs argue that the District Court erred in holding that it had no personal jurisdiction over the foreign defendants under the New York Long-Arm Statute, N.Y.C.P.L.R. §§ 302(a)(1) and (2). We agree with the District Court that it lacked personal jurisdiction over the foreign defendants.

To establish personal jurisdiction under § 302(a)(1), the defendant must have transacted business within the state and the claim asserted must arise from that business activity. *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986). To demonstrate a "transaction of business," plaintiffs must show that each foreign defendant engaged in "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within [New York]." *See Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007) (internal quotation marks omitted). "[P]urposeful availment occurs when the non-domiciliary," through volitional acts, "'seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship.'" *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 298 (2017) (quoting *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 377 (2014)). At a minimum, the defendant must,

"on his or her own initiative . . . project[] himself or herself into th[e] state to engage in a sustained and substantial transaction of business." *Id.* (internal quotation marks omitted).

First, the District Court's finding that the foreign defendants did not transact business and thus were not subject to personal jurisdiction in New York under C.P.L.R. § 302(a)(1) was not clearly erroneous.[1] The communication and transmission of information to and from Bernard L. Madoff Investment Securities LLC ("BLMIS") in connection with fund administration and custodial duties do not give rise to personal jurisdiction. *See Fischbarg v. Doucet*, 9 N.Y.3d 375, 381 n.6 (2007). Nor does the mere maintenance of correspondent bank accounts at an affiliate bank in New York. *See Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 338 (2012). Plaintiffs have not alleged the kind of intentional and repeated use of correspondent accounts that amounts to a transaction of business. *See Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 328–29, 339 (2016) (foreign bank subject to personal jurisdiction in New York when it intentionally and repeatedly used a correspondent bank account in New York as "integral" part of fraudulent scheme to wire criminal proceeds to defendants).

Plaintiffs proffer an alternative theory of jurisdiction, arguing that the District Court improperly dismissed an alleged agency relationship between BLMIS and certain foreign defendants to establish personal jurisdiction. We disagree. To establish an agency relationship for jurisdictional purposes, plaintiffs must show "that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal." *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981). It is not enough to allege that defendants had the legal ability to control the alleged agent; plaintiffs seeking to establish jurisdiction under C.P.L.R. § 302(a)(2) must allege the actual exercise of control, based on "the realities of the relationship." *CutCo Industries*, 806 F.2d at 366. Plaintiffs failed to allege that any of the foreign defendants exercised control over BLMIS sufficient to establish agency for the purposes of jurisdiction.

Furthermore, because plaintiffs did not make a prima facie case for personal jurisdiction under either C.P.L.R. §§ 302(a)(1) or (2), the District Court acted well within its discretion in declining to permit jurisdictional discovery. *See Best Van Lines*, 490 F.3d at 255.

## II.

With regard to the only non-foreign defendant, HSBC Bank USA, plaintiffs argue that the District Court improperly failed to undertake New York's choice-of-law "interest analysis" and to apply New York law to the question of plaintiffs' standing to bring direct claims. We agree with the District Court that BVI law, not New York law, should apply, and that plaintiffs lack standing under BVI law to bring claims against HSBC Bank USA.

Federal courts apply the choice-of-law rules of the state in which they are located. *See Zerman v. Ball*, 735 F.2d 15, 19–20 (2d Cir. 1984). New York courts engage in a choice-of-law analysis where an "actual conflict" exists between the laws of the relevant jurisdictions. *Matter of Allstate Ins. Co (Stolarz)*, 81 N.Y.2d 219, 223 (1993). An actual conflict arises where the law of each jurisdiction

---

[1] Plaintiffs do not challenge the District Court's finding that it could not exercise jurisdiction over HSBC Holdings PLC, HSBC Private Banking Holdings (Suisse) S.A., and HSBC Private Bank (Suisse) S.A. and thus waive their right to allege any jurisdictional contacts.

"provides different substantive rules," and the differences are "relevant" and have a "significant possible effect on the outcome of the trial," although they need not lead to different outcomes. *Fin. One*, 414 F.3d at 331–32 (internal quotation marks omitted).

Plaintiffs insist that the District Court failed to ascertain whether there was an actual conflict between BVI law and New York law that would trigger choice-of-law analysis, and that there is no actual conflict with regard to a shareholder's right to bring claims for breaches of duty owed directly to that shareholder. Upon a review of the record, however, we conclude that the District Court correctly recognized a conflict related to when a shareholder can bring a claim.

Having properly identified a conflict, the District Court then correctly held that BVI law governs plaintiffs' standing. New York choice-of-law rules apply an "interest analysis" to determine which jurisdiction's law applies. *Allstate,* 81 N.Y.2d at 225. Under the interest analysis, "the law of the jurisdiction having the greatest interest in resolving the particular issue" applies. *Cooney v. Osgood Mach, Inc.*, 81 N.Y.2d 66, 72 (1993). The "internal affairs doctrine"—a species of interest analysis—provides that the place of incorporation generally has the greatest interest in having its law apply to questions regarding the internal affairs of a corporation, such as "the relationship between shareholders and directors." *Zion v. Kurtz,* 50 N.Y.2d 92, 100 (1980); *see also Greenspun v. Lindley*, 36 N.Y.2d 473, 477 (1975); *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1234 (2d Cir. 1996). Although New York courts reject a per se application of the internal affairs doctrine, *Greenspun*, 36 N.Y.2d at 477, they generally apply the law of the place of incorporation unless another state has an "overriding interest" in applying its own law and a defendant has "little contact, apart from the fact of its incorporation, with the state of incorporation." *In re B.P. p.l.c. Derivative Litig.*, 507 F.Supp. 2d 302, 309 & n. 20 (S.D.N.Y. 2007) (internal quotation marks omitted). Neither factor applies here, where foreign plaintiffs sued HSBC entities largely located abroad pertaining to a fund incorporated in BVI. Because plaintiffs do not dispute that, under BVI law, they lack standing to sue HSBC Bank USA, we affirm the District Court's ruling with regard to standing.

## CONCLUSION

We have reviewed all of plaintiffs' challenges to the District Court's rulings on personal jurisdiction and standing and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 2, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4