Ezrasons, Inc. v Rudd (2023 NY Slip Op 02938)

Ezrasons, Inc. v Rudd

2023 NY Slip Op 02938

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 656400/20 Appeal No. 356 & M-1227 Case No. 2022-04657 

[*1]Ezrasons, Inc., etc., Plaintiff-Appellant,
v
Sir Nigel Rudd et al., Defendants-Respondents, Barclays PLC, Nominal Defendant-Respondent.

Bottini & Bottini, Inc., New York (Albert Y. Chang of counsel), for appellant.
Skadden, Arps, Slate, Meagher, & Flom LLP, New York (Lara A. Flath of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about May 5, 2022, which granted defendants' motion to dismiss the complaint for lack of standing, unanimously affirmed, with costs.
The court correctly dismissed the complaint based on plaintiff's lack of standing to bring this shareholder derivative action. The "internal affairs" doctrine is a "conflict of laws" principle that provides that "claims concerning the relationship between the corporation, its directors, and a shareholder are governed by the substantive law of the state or country of incorporation"(Davis v Scottish Re Group Ltd., 138 AD3d 230, 233 [1st Dept 2016], revd on other grounds 30 NY3d 247 [2017]). It has been consistently invoked by this Court in derivative actions to apply foreign law on substantive issues, including those affecting a party's right to sue (see e.g. Lerner v Prince, 119 AD3d 122, 127-128 [1st Dept 2014]; Hart v General Motors Corp., 129 AD2d 179, 183 [1st Dept 1987], lv denied 70 NY2d 608 [1987]).
We adopt the rationale in City of Aventura Police Officers' Retirement Fund v Arison (70 Misc 3d 234 [Sup Ct, NY County 2020]), which ruled that Business Corporation Law § 1319 merely confers jurisdiction upon New York courts over derivative suits on behalf of a foreign corporation. The court reasoned that this jurisdictional provision "does not require application of New York law in such suits," and does not "override the internal affairs doctrine" (id. at 244 [internal quotation marks omitted]). Accordingly, in applying the internal affairs doctrine to the rule of derivative standing under the English "Companies Act" (ECA), the court held that the ECA's requirement that suit be brought by a "member of the company" is an applicable substantive rule in a New York derivative suit (id.).
Similarly, here, the court correctly ruled that defendants made the showing necessary for dismissal for lack of standing under the ECA. Despite the complaint's verified allegations of plaintiff's stock ownership and membership, the record on the motion to dismiss included an unrebutted affirmation from Barclays stating that inquiries with its registrar showed that plaintiff's name did not appear as a registered, legal owner of Barclays PLC shares as of April 30, 2021. It also included plaintiff's counsel's clear acknowledgement in its opposition brief to defendants' dismissal motion that plaintiff was not a member, which is an informal judicial admission entitled to some evidentiary weight (see Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103-104 [1996]).
We reject plaintiff's argument that Culligan Soft Water Co. v Clayton Dubilier & Rice LLC (118 AD3d 422 [1st Dept 2014]) silently overruled the longstanding principle regarding the applicability of the internal affairs doctrine in derivative actions (see Matter of Orozco v City of New York, 200 AD3d 559,562 [1st Dept 2021] ["If we are to depart from settled principle, we should do so explicitly [*2]and not on the basis of a one-paragraph memorandum opinion that does not cite or discuss the relevant precedent let alone express an intent to overrule it"], lv granted 39 NY3d 903 [2022]; Arison, 70 Misc 3d at 245 n 3 ["`if the court in Culligan wanted to change the clear precedents about the internal affairs doctrine it most assuredly would have said just that, and why'"] [internal brackets omitted], quoting Stephen Blau MD Money Purchase Pension Plan Trust v Dimon, 2015 NY Slip Op 32909[U],*8 n 1 [Sup Ct, NY County 2015]). As we have demonstrated in many decisions since, the internal affairs doctrine continues to apply to derivative actions (see Matter of Renren, Inc., 192 AD3d 539 [1st Dept 2021] [analyzing standing in derivative action under foreign law]; Davis, 138 AD3d at 233-234 [applying foreign law under internal affairs doctrine to determine whether claim is derivative or direct]; see also Mason-Mahon v Flint, 166 AD3d 754, 756 [2d Dept 2018] ["Based upon the internal affairs doctrine, the substantive law of the United Kingdom governs the merits of this action").
Rather, Culligan addressed only the rare situation in which a foreign entity nevertheless had "such 'presence' . . . in our State as would, irrespective of other
considerations, call for the application of New York law" (Greenspun v Lindley, 36 NY2d 473, 477 [1975]). M-1227 — Ezrasons, Inc. v Sir Nigel Rudd Motion to strike portion of the record and plaintiff's brief relating
to CPLR 327 (b)'s prohibition against dismissal based on forum non
conveniens, denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023