Haussmann v Baumann (2023 NY Slip Op 03407)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Haussmann v Baumann

2023 NY Slip Op 03407

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023
Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 651500/20 Appeal No. 513-514 Case No. 2022-02491 2022-04806 

[*1]Rebecca R. Haussmann, as Trustee of the Konstantin S. Hausmann, Trust, et al., Plaintiffs-Appellants,
vWerner Baumann, et al., Defendants-Respondents, Christian Strenger, et al., Defendants. Bayer AG, Nominal Defendant-Respondent. 

Bottini & Bottini, Inc., New York (Albert Y. Chang of counsel), for appellants.
Wachtell, Lipton, Rosen & Katz, New York (William Savitt of counsel), for Werner Baumann, Werner Wenning, Liam Condon, Paul Achleitner, Oliver ZÜhlke, Simone Bagel-Trah, Norbert W. Bischofberger, Andre Van Broich, Ertharin Cousin, Thomas Elsner, Johanna Hanneke Faber, Colleen A. Goggins, Heike Hausfeld, Reiner Hoffmann, Frank LÖllgen, Wolfgang Plischke, Petra Reinbold-Knape, Detlef Rennings, Sabine Schaab, Michael Schmidt-Kieáling, Otmar D. Wiestler, Norbert Winkeljohann, Clemens A.H. BÖrsig, Thomas Fischer, Petra Kronen, Sue Hodel Rataj, Thomas Ebeling, Klaus Sturany, Heinz Georg Webers, Bayer Corporation, Horst Baier, Robert Gundlach, and Bayer AG, respondents.
Davis Polk & Wardwell LLP, New York (Lara Samet Buchwald of counsel), for Bank of America Corporation and BofA Securities, Inc., respondents.
Cahill Gordon & Reindel LLP, New York (Joel Kurtzberg of counsel), for Credit Suisse Group AG and Credit Suisse AG, respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 3, 2022, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 25, 2022, which, to the extent appealable, denied plaintiffs' motion for leave to renew, unanimously affirmed, with costs.
Plaintiffs, who are shareholders of nominal defendant Bayer AG, commenced this derivative action in the New York Supreme Court in connection with Bayer AG's June 2018 $66 billion purchase of Monsanto Inc., the Delaware-incorporated, Missouri-based agricultural products corporation. Plaintiffs assert causes of action for breach of fiduciary duty under German law against defendants Bayer Corporation and certain current and former members of Bayer AG's Board of Management and Supervisory Board (collectively, the Bayer defendants), as aided and abetted by defendants Bank of America Corporation, BofA Securities Inc., Credit Suisse Group AG, Credit Suisse AG (collectively, the Bank defendants).
The complaint asserts subject matter jurisdiction based on New York Business Corporation Law §§ 626(a) and 1319(a)(2) and personal jurisdiction over each defendant under CPLR 302. The complaint alleges that Bayer AG, a German corporation, operates and conducts business in New York through six subsidiaries registered in the state and trades its American Depositary Receipts in the United States over-the-counter market, with thousands of shareholders living in New York. The complaint further alleges that the Monsanto acquisition was negotiated, financed, and closed in New York, with $57 billion in cash transferred to a New York bank account for distribution to Monsanto shareholders. With respect to plaintiffs' standing to assert these derivative claims, the complaint alleges that plaintiffs own Bayer AG common stock. The complaint further alleges that the procedural provisions of the German Stock Corporation Act § 148 are inapplicable because compliance with Business Corporation Law § 626 pre-suit demand/demand futility procedures establishes jurisdiction in New York with respect to shareholder derivative suits.
The court correctly dismissed the complaint, finding that the internal affairs doctrine mandated dismissal for lack of standing. The internal affairs doctrine is a conflict of laws principle providing that "claims concerning the relationship between the corporation, its directors, and a shareholder are governed by the substantive law of the state or country of incorporation" — in this case, Germany (Ezrasons, Inc. v Rudd, __ AD3d ___, 2023 NY Slip Op 02938 [1st Dept 2023]; Davis v Scottish Re Group Ltd., 138 AD3d 230, 233 [1st Dept 2016], revd on other grounds 30 NY3d 247 [2017]). This Court has consistently invoked the internal affairs doctrine in derivative actions to apply foreign law on substantive issues, including those affecting a party's right to sue (see e.g. Lerner v Prince, [*2]119 AD3d 122, 127-128 [1st Dept 2014]; Hart v General Motors Corp., 129 AD2d 179, 183 [1st Dept 1987], lv denied 70 NY2d 608 [1987]).
Accordingly, we agree with Supreme Court that the internal affairs doctrine applies to this shareholder derivative action on behalf of a foreign corporation to make applicable relevant substantive German laws. Furthermore, we agree with Supreme Court's implicit finding that the German Stock Corporation Act § 148 is a substantive law rather than a procedural one and requires plaintiffs to seek leave from the German court to bring a derivative action. As plaintiffs concede, they failed to satisfy § 148; thus, they lack standing to maintain this action.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023